This is a mandamus proceeding involving a plaintiff's right to discovery.
Petitioner, Eddie McTier, II, sued Rollins Protective Services, Inc., claiming that a salesman of Rollins fraudulently represented to him that he would own the home security protection system which was placed in his house by Rollins. McTier claimed that a Rollins salesman solicited him in an effort to sell him a burglar security system for his homes in Birmingham and in Verbena, Alabama. He contended that the Rollins salesman represented to him that, upon payment of a sum certain, he would own the security systems and that Rollins would service and repair the equipment for a monthly maintenance fee. The document McTier signed, however, was a lease agreement and not a sales contract. As a proximate result of the alleged misrepresentations by the Rollins salesman, McTier claims that he has paid over $4,000 for the use of a security system that he believed he was purchasing.
McTier sought discovery and propounded interrogatories to Rollins, and specifically requested Rollins to answer the following interrogatory:
 "State the name and address of each person, firm or entity who leased a Rollins Protective Services, Inc. protective system from this defendant (such as the one plaintiff leased) in 1976 and 1977 in Jefferson County, Alabama."
McTier filed a motion to compel answers to this interrogatory to which Rollins had filed an objection. Rollins contended that answering this interrogatory would be unduly burdensome, involving hundreds of customers, four and five-year-old records, business secrets as to customers' identities, the customers' rights to privacy and also that the information sought would not reasonably lead to the discovery of admissible evidence.
McTier contends that the information requested by the interrogatory was necessary for him to prove a common scheme or plan by Rollins to induce customers to sign an agreement such as he had signed.
The trial judge held a hearing on McTier's motion to compel, and after argument, denied the motion. It is from this ruling by the trial judge that McTier petitions this Court, asking this Court to order the trial judge to vacate his denial and compel Rollins to answer the question. We decline to do this.
Rule 26, A.R.C.P. states that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action," but that the scope of discovery may be "otherwise limited by order of the court in accordance with these rules." Rule 26 (c) permits the trial court, for good cause shown, to "make any order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense."
Each request for a motion to compel answers to interrogatories must of necessity be decided on its own facts and circumstances, a determination which the trial court is in a better position to make than is this Court. The rule of law, on review of orders entered in matters involving discovery is that this Court will not reverse the trial court's decision on discovery matters unless there is a clear showing that the trial judge abused his discretion in making his decision. This Court has delineated its scope of review of discovery matters on many occasions and particularly *Page 462 
as to Rule 26 in Assured Investors Life Insurance Company v.National Union Associates, Inc., 362 So.2d 228 (Ala. 1978):
 "It is well settled that the Rules on deposition and discovery are to be broadly and liberally construed. . . . Rule 26 (c), supra, recognizes, however, that the right to discovery is not unlimited, and the trial court has broad powers to control the use of the process to prevent its abuse by any party. See Campbell v. Eastland, 307 F.2d 478
(5th Cir. 1962); and Delong Corp. v. Lucas, 138 F. Supp. 805 (S.D.N.Y. 1956). The Rule does not allow an arbitrary limit on discovery; instead, it vests the trial court with judicial discretion in the discovery process. The question on review, then, becomes one of whether, under all the circumstances, the court has abused this discretion. Campbell v. Regal Typewriter Co., 341 So.2d 120 (Ala. 1976). An appellate court may not decide whether it would, in the first instance, have permitted the prayed for discovery. Furthermore, it is unusual to find abuse of discretion in these matters. Swanner v. United States, 406 F.2d 716 (5th Cir. 1969); Tiedman v. American Pigment Corp., 253 F.2d 803 (4th Cir. 1958); Ex parte Alabama Power Co., 280 Ala. 586, 196 So.2d 702 (1967); and 35A C.J.S. Federal Civil Procedure §§ 532, 592."
We do not find from the record filed here that there was such a clear abuse of discretion by the trial judge in the case before us. The petition for writ of mandamus is, therefore, due to be denied.
WRIT DENIED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.