HORNSBY, Chief Justice.
The plaintiff, Doris Ann Shines, appeals from a summary judgment for the defendant, Alabama Great Southern Railway Company, Inc. (“AGS”). We affirm.
At approximately 11:50 a.m. on April 15, 1989, Tarron R. Osburn, age three, was walking along a railroad track near milepost 183.7, north of Coaling, Alabama, when he was struck and killed by a northbound train operated by AGS employees: engineer Robert J. Cochran, conductor G.R. Williams, brakeman W.W. Sewell, and flagman A.C. Ash. The train’s crew first observed Tarron and two older brothers of Tarron’s on the tracks as the train completed a curve in the track approximately 700 feet from Tarron’s location. To avoid striking the boys, engineer Cochran sounded the train’s warning whistle and applied the train’s brakes, both the engine brake and *434 the emergency brake. Apparently, Tar-ron’s brothers heard the whistle and ran off the tracks, but Tarron stayed behind. The crew could not stop the train in time to avoid striking Tarron.
Tarron’s mother, Doris Ann Shines, sued AGS, alleging that the crew had negligently failed to stop the train.[1] On April 20, 1992, AGS moved for a summary judgment. Shines argued that a summary judgment for AGS would be improper because AGS had not responded to Shines’s interrogatories filed March 24, 1992, and AGS had postponed Shines’s depositions of the crew until May 8, 1992. On April 28, 1992, AGS answered Shines’s interrogatories but objected to interrogatories 5 through 10. On May 4,1992, Shines moved to compel AGS to answer those interrogatories. On June 2, 1992, the trial court denied Shines’s motion to compel and entered a conditional summary judgment for AGS. The trial court allowed Shines seven days to demonstrate why the summary judgment should not be made final. On June 5, 1992, Shines presented excerpts from the crewmembers’ depositions that, she said, conflicted with the crewmembers’ affidavits and evidenced the existence of genuine issues of material fact and thereby precluded a summary judgment; nevertheless, the trial court made the summary judgment final on June 29, 1992. Shines appeals.
I.
Shines first argues that the summary judgment for AGS was improper under this Court’s holding in Reeves v. Porter, 521 So.2d 963, 965 (Ala.1988). In Reeves this Court stated that it is error for a trial court to enter a summary judgment if the moving party has not answered interrogatories and the answers to the interrogatories would be crucial to the nonmoving party’s case. Shines contends that the trial court erred by not ordering AGS to answer interrogatories 5 through 10, and that, because the trial court should have ordered AGS to answer those interrogatories, when she says the answers would be crucial to her case, the trial court violated the principle set forth in Reeves.
In order to respond to Shines’s argument, we must first determine whether the trial court erred by not ordering AGS to answer interrogatories 5 through 10. “On review of orders entered in matters involving discovery, the Supreme Court will not reverse the trial court’s decision unless there is a clear showing that the trial judge abused his discretion in making his decision.” Ex parte McTier, 414 So.2d 460 (Ala.1982).
The interrogatories at issue read as follows:
“5. State the average train speed through milepost 183.7 where this incident occurred, from January 1989 through April 1989.
“6. State the daily average motor vehicle traffic volume across the northernmost Coaling crossing for the months of January 1989 through April 1989.
“7. State the daily average number of school buses traveling across the northernmost Coaling crossing for the months of January 1989 through April 1989.
“8. State the daily number of hazardous material carriers traveling across the northernmost Coaling crossing for the months of January 1989 through April 1989.
“9. State the average number of trains per day in the months of January 1989 through April 1989, traveling in either direction through milepost 183.7.
*435 “10. State the average number of daylight trains per day in the months of January 1989 through April 1989, traveling in either direction through milepost 183.7.”
AGS objected, contending that each of these interrogatories was irrelevant and immaterial and sought “information not reasonably calculated to lead to the discovery of admissible evidence.” Additionally, it contended that interrogatories 5, 9, and 10 were overly broad and unduly burdensome and contended that it did not understand the term “daylight train” in interrogatory 10.
Shines contends that the trial court’s denial of her motion to compel was an abuse of discretion because, she says, AGS waived its right to object to these interrogatories by not filing answers and objections within the time prescribed by Rule 33(a), A.R.Civ.P., and by not objecting with sufficient particularity. Ex parte Dorsey Trailers, Inc., 397 So.2d 98, 104 (Ala.1981) (general objections may result in waiver of right to object). We disagree. Contrary to Shines’s contention, AGS answered and objected to the interrogatories within the time limitations prescribed in Rules 6 and 33(a), A.R.Civ.P. Moreover, AGS's objections were sufficiently particular to preclude a waiver of its right to object. Because the trial court gave no reasons for its refusal to compel AGS to answer the interrogatories, we infer that it found AGS’s objections persuasive. After reviewing the record, we agree that AGS’s objections are persuasive, and we conclude that the trial court did not abuse its discretion by denying Shines’s motion to compel.
We conclude that, because the trial court did not err in refusing to compel AGS to answer interrogatories 5 through 10, no discovery was pending in this case. Thus, we need not address Shines’s contention that the rule of Reeves forecloses a summary judgment for AGS.
II.
Accordingly, we turn to Shines’s other argument, that the summary judgment for AGS was improper because AGS failed to carry its burden of showing a genuine issue of material fact. Shines says the crew-members’ deposition testimony conflicted with their affidavit testimony in such a way as to reveal genuine issues as to the speed at which the train was moving when the crew first observed Tarron; the order in which the engineer blew the whistle and applied the brakes; the train’s distance from Tarron when the crew first saw him; the train’s distance from Tarron when the engineer applied the emergency brake; and the point along the track at which impact occurred.
“In reviewing the disposition of a motion for summary judgment, we utilize the same standard as the trial court in determining whether the evidence before [it] made out a genuine issue of material fact” and whether the movant was “entitled to a judgment as a matter of law.” Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988) (citing Chiniche v. Smith, 374 So.2d 872 (Ala.1979)); Rule 56(c) A.R.Civ.P. When the movant has carried the burden of making a prima facie showing, by admissible evidence, that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law, the party opposing the summary judgment motion has the burden of presenting substantial evidence creating a genuine issue of material fact. Ala.Code 1975, § 12-21-12; Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant, resolving all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala.1990); Wilson v. Brown, 496 So.2d 756, 758 (Ala.1986); Harrell v. Reynolds Metals Co., 495 So.2d 1381, 1383 (Ala.1986).
After reviewing the record, particularly the crewmembers’ depositions and affidavits, we find no merit to Shines’s contention that genuine issues of material fact existed. The train’s handling recorder, removed from the engine at the scene of the accident, established that the train was traveling at 60 mph when Cochran applied *436 the brakes. This speed was within the track speed limits established by the Federal Railroad Administration. The recorder also established that Cochran applied the engine brake first and, a second or two later, the emergency brake. The record shows that a curve in the track south of milepost 183.7 prevented the crew from seeing Tarron at a distance of more than 700 feet. All of the testimony establishes that the crew saw Tarron at the earliest possible moment; Cochran did all within his power both to warn Tarron of the train’s approach and to stop the train in the shortest distance possible. Shines presented no evidence supporting even an inference that the crew was negligent. Unfortunately, it was physically impossible to stop the train before it reached Tarron.
We conclude that, according to the evidence before the trial court, AGS made a prima facie showing that there were no genuine issues of material fact and that it was entitled to a judgment as a matter of law. See Rule 56 A.R.Civ.P. Because Shines produced no substantial evidence to rebut this showing, we affirm the summary judgment for AGS.
AFFIRMED.
MADDOX, SHORES, HOUSTON and KENNEDY, JJ., concur.

. Shines filed two separate actions in the Tuscaloosa Circuit Court, alleging the wrongful death of her minor son. The first, CV-391.01, was filed on April 1, 1991, against “Norfolk Railway Company, Inc.” and several fictitiously named defendants. The second, CV-449.01, was filed on April 15, 1991, against "Norfolk Southern Railway Company” and several fictitiously named defendants. Both cases were removed to a federal district court and later consolidated. On January 30, 1992, after discovering that AGS owned the train and tracks involved in the accident and employed the train crew, Shines moved to add AGS as a defendant. Because AGS was a “non-diverse” defendant for the purpose of determining federal jurisdiction, the federal court remanded the case to the Tuscaloosa Circuit Court.