The plaintiff/petitioner, Mobile Fixture and Equipment Company, Inc., is a wholesale supplier of restaurant fixtures and equipment located in Mobile, Alabama. The defendant/respondent, Allied Alarms, Inc., is a locally owned alarm and security service in Mobile, Alabama, with a branch office near Birmingham, Alabama. Allied provides a variety of security and alarm services for approximately 5400 residential and commercial customers. Allied contracted with approximately 500 of its customers to provide a key response service in which Allied retains a key to the customer's building; upon receiving an alarm signal, Allied dispatches a security guard to the premises in order to enter and inspect for burglary, vandalism, or other security-related matters.
Allied contracted to provide security services for Mobile Fixture, with the security services contract most recently renewed on May 26, 1989, for a term of three years. In the contract, Mobile Fixture subscribed to, among other things, the key response service. Through the key response service, after an alarm signal was received from Mobile Fixture, the central office immediately dispatched an Allied guard, notifying the guard of the appropriate coded key number needed to enter the building to inspect for security problems that could have caused the alarm. The guard also waited for the arrival of the area police, who were also notified of the alarm.
Mobile Fixture maintains that throughout the course of its relationship with Allied, Mobile Fixture suffered "a high rate of 'shortage' in the inventory which it holds in its warehouse before sale to its customers" and also had a large number of false alarms to which Allied's employees responded. According to Mobile Fixture, it experienced approximately $365,000 worth of inventory and property loss from its merchandise warehouse that was caused by Allied Security guards' responding to false alarms through Allied's key response service. In order to determine the cause of the losses, Mobile Fixture installed hidden cameras in its warehouses, without notifying Allied. After reviewing a videotape that reflected what appeared to be two Allied security guards entering the premises and removing certain merchandise from the warehouse, Mobile Fixture sued Allied and numerous fictitiously named defendants, alleging theft and conversion, breach of contract, negligent and/or wanton performance of contract, breach of fiduciary duty, negligent and/or wanton supervision and hiring, and fraudulent suppression, and alleging that Mobile Fixture was a third-party beneficiary to a security bond or insurance policy covering the actions of the security guards. Mobile Fixture served interrogatories and requests for production upon Allied, some of which Allied answered or complied with, and others to which it objected and did not answer or comply with. Mobile Fixture filed a motion to compel responses and production, which the trial court denied.
The interrogatories and requests for production that were the subject of the motion to compel (and that are the subject of this mandamus petition), and the objections thereto, are as follows:
 "Interrogatory #4. Identify by name, address and telephone number all customers of Allied Alarms during the five (5) years next preceding May 26, 1992."
 "[Objection to] Interrogatory #4. [Allied] objects to this interrogatory as it is overbroad, unduly burdensome, includes irrelevant and immaterial information and requests information that is confidential customer information."
 "Interrogatory #23. State if any investigation was made on employees in general from May 26, 1989 until May 26, 1992 including but not limited to polygraph testing."
 "[Objection to] Interrogatory #23. [Allied] objects to this interrogatory as it is *Page 360 
overbroad, unduly burdensome, irrelevant, immaterial and to the extent that it calls for confidential or privileged information. Without waiving this objection, [Allied] will produce information in response to a more specific discovery request."
 "Request for Production #5. Customer list of all Allied Alarms, Inc. commercial or residential customers including name, address and telephone number from the period May 26, 1989 until May 26, 1992."
 "[Objection to] Request for Production #5. [Allied] objects to production of the requested documents as the request is overbroad, overburdensome, is not reasonably calculated to lead to discovery of admissible evidence and is highly confidential information of [Allied's] clients." "Request for Production #7. All field audits, investigative reports or management review of Allied Alarms, Inc. employees for the five (5) years next preceding May 26, 1992."
 "[Objection to] Request for Production #7. [Allied] objects to the request as it is overbroad, unduly burdensome, not reasonably calculated to lead to discoverable information and the information is confidential information regarding [Allied's] client. In addition, the requested information is protected by the work product and/or attorney/client privilege."
(See Petitioner's brief, pp. 4-5; Respondent's brief, pp. 3-4.)
In the interrogatories and requests for production, Mobile Fixture also asked Allied to identify all complaints that it had received concerning its employees in the last five years. Allied listed five complaints, including the Mobile Fixture complaint, and subsequently supplemented the list with two more complaints.
Mobile Fixture petitioned this Court for a writ of mandamus directing "Judge McRae to vacate his denial of [Mobile Fixture's] motion to compel and to order him to compel [Allied] to answer interrogatories #4 and #23 and to produce all of the documents requested by request[s] for production #5 and #7, including the complete customer list of all [Allied] customers and all investigative reports of [Allied] on its employees."
Mandamus, an extraordinary remedy that will not be issued unless the movant has a clear, undisputable right to the relief sought, see Ex parte Rudolph, 515 So.2d 704 (Ala. 1987), is the proper means of review to determine whether a trial court has abused its discretion in ordering discovery, in resolving discovery matters, and in issuing discovery orders, see Exparte Allstate Ins. Co., 401 So.2d 749 (Ala. 1981), so as to prevent an abuse of the discovery process by either party. SeeEx parte McTier, 414 So.2d 460 (Ala. 1982). The question on review is whether, under all of the facts before the trial court, it abused its discretion. See Assured Investors LifeIns. Co. v. National Union Associates, Inc., 362 So.2d 228
(Ala. 1978).
 "Each request for a motion to compel answers to interrogatories [and each request for production] must of necessity be decided on its own facts and circumstances, a determination which the trial court is in a better position to make than is this Court. The rule of law, on review of orders entered in matters involving discovery is that this Court will not reverse the trial court's decision . . . unless there is a clear showing that the trial judge abused his discretion in making his decision."
Ex parte McTier, supra, at 461.
After hearing oral argument, Judge Ferrill D. McRae denied Mobile Fixture's motion to compel, specifically stating as follows:
 "This matter having come before the court on [Allied's] objection to [Mobile Fixture's] Motion to Compel response to [Mobile Fixture's] Request to Production No. 5, which reads as follows:
 " 'No. 5. Customer list of all Allied Alarms, Inc. commercial or residential customers including name, address and telephone number from the period May 26, 1989 until May 26, 1992.'
 "[Allied's] objection being supported by Affidavit of Cecil E. Hudson [the designated *Page 361 
patrol and central office supervisor of Allied], and the court, after hearing argument of counsel and considering the briefs of counsel, does determine that to require [Allied] to provide the requested information would not further the interest of justice nor [would the failure to require the requested information] irreparably harm [Mobile Fixture] in the prosecution of this case. The court finds that [Allied] has already provided [Mobile Fixture] with sufficient information on theft complaints made by customers of [Allied] in recent years; to now require that [Allied] reveal names, addresses and telephone numbers of all of its 5400 residential and commercial clients is not justified in this litigation. For these reasons, the court denies the above referenced Request for Production.
 "[Mobile Fixture's] Motion to Compel also seeks to compel [Allied] to respond to [Mobile Fixture's] Request for Production No. 7, which states:
 " '7. All field audits, investigative reports or management review of Allied Alarms, Inc. employees for the five years next preceding May 26, 1992.'
 "After hearing [Allied's] objection, arguments of all counsel and considering all briefs of counsel, this court finds that to require [Allied] to provide the requested information will not further the interest of justice nor [would the failure to require the requested information] irreparably harm [Mobile Fixture] in the prosecution of this case. This court further finds that [Mobile Fixture's] request is overly broad and would unnecessarily require disclosure of confidential and private matters, not necessary to the prosecution of this litigation.
 "[Mobile Fixture] has also requested [Allied] to produce the personnel file of Allied employees who entered the premises of certain Allied customers pursuant to [Mobile Fixture's] request for production number 15, and this Court hereby orders that said personnel files be produced by [Allied].
 "On other objections raised by [Allied] to [Mobile Fixture's] Motion to Compel other discovery responses, the court is advised that the parties will resolve these differences and that such further responses have been agreed to between the parties and shall be provided by [Allied] to [Mobile Fixture] within five days following the date of this Order."
(Emphasis in original.)
We note Mobile Fixture's reliance on Ex parte Asher, Inc.,569 So.2d 733 (Ala. 1990), Ex parte State Farm Mutual AutomobileIns. Co., 452 So.2d 861 (Ala. 1984), and Ex parte Allstate Ins.Co., supra, as support for its position that the Court should direct the trial court to order Allied to produce the requested information. Those cases are distinguishable from this case because each of those cases involved fraud claims; in each, the Court allowed discovery of similar fraudulent acts to prove an alleged fraudulent scheme, plan, or design on the part of the defendants. But see, Ex parte McTier, supra. Under the facts of this case, however, Mobile Fixture has not alleged that Allied engaged in any type of fraudulent scheme. We also note Mobile Fixture's reliance on Ex parte McEllen [Ms. 1911403, October 16, 1992] (Ala. 1992), in which the plaintiffs sought discovery of a limited number of investigative reports detailing factual findings and investigations of a former employee. However, this Court withdrew its opinion in Ex parte McEllen on January 12, 1993, and on that date, on motion of the parties, dismissed the case. Moreover, in this case, Mobile Fixture did not limit its request, but sought investigations, management reviews, and field audits of "all" Allied employees.
Based on the foregoing and under the particular facts of this case, we conclude that the trial court did not abuse its discretion in denying Mobile Fixture's discovery requests. Therefore, the petition for the writ of mandamus is denied. WRIT DENIED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur. *Page 362