HOUSTON, Justice
(dissenting).
Counts II and III of the plaintiffs’ complaint allege that the defendants’ conduct was part of “a scheme to injure the plaintiffs and others similarly situated as a part of a conspiracy, pattern or practice of fraudulent conduct engaged in by the defendants and/or their agents, including fictitious parties A, B, C, D, E, F and G.” It is evident from the “Plaintiffs’ First Request For Production of Documents” that the plaintiffs know some of the defendant insurers’ former or present policyholders, for example, S.L. and Dessar Heard, James Clausell, Mary Alice Moore, and Margaret Rushing.
Insurers’ policyholder lists are confidential, proprietary information to which a litigant has no right except through court-ordered discovery. Ex parte Mobile Fixture & Equipment Co., 630 So.2d 358 (Ala.1993); Ex parte McTier, 414 So.2d 460 (Ala.1982).
No one contends that the trial court abused its discretion in ordering that the names and addresses of former policyholders be made available to the plaintiffs so that they could obtain evidence of a pattern and practice of fraudulent conduct, even though it is evident that the plaintiffs have the names and addresses of some of these persons, as hereinbefore mentioned. The names and addresses of former policyholders other than those named above would not be available to the plaintiffs but for the trial court’s order.
Trial courts are vested with broad discretion to manage discovery. Plitt v. Griggs, 585 So.2d 1317 (Ala.1991). Accordingly, this Court accords great deference to the trial courts on discovery matters: “‘The rule of law, on review of orders entered in matters involving discovery is that this Court will not reverse the trial court’s decision ... unless there is a clear showing that the trial judge abused his discretion in making his decision.’ ” Ex parte Mobile Fixture, 630 So.2d at 360, quoting Ex parte McTier, 414 So.2d at 461.
This deferential review is particularly evident in the standard for this Court’s consideration of a petition for the writ of mandamus:
“ ‘The utilization of a writ of mandamus to compel or prohibit discovery is restricted because of the discretionary nature of a discovery order. The right sought to be enforced by mandamus must be clear and certain with no reasonable basis for controversy about the right to relief. The writ will not issue where the right in question is doubtful.’ ”
Ex parte Bozeman, 420 So.2d 89, 91 (Ala.1982), quoting Ex parte Dorsey Trailers, Inc., 397 So.2d 98, 102 (Ala.1981) (emphasis added).
Absent a showing of a clear abuse of discretion by the trial court in issuing the protective order, no writ of mandamus can be issued. See Ex parte Dorsey Trailers, 397 So.2d at 102-03; Ex parte Mobile Fixture, 630 So.2d at 360.
In this ease, the plaintiffs do not show a clear abuse of discretion. They have the names of some former policyholders that they can interview for the purpose of establishing their allegations of a pattern and practice of fraudulent conduct. Therefore, it *1317 was within the court’s discretion to issue the protective order so as to allow defense counsel to be present during the interviews of former policyholders whose names and addresses were furnished by the defendants to the plaintiffs or so as to permit neither party to communicate to the defendants’ former policyholders the plaintiffs’ allegations in this case.
HOOPER, C.J., and MADDOX, J., concur.