SHORES, Justice.
Shelby Radiology, P.C., petitions for a writ of mandamus directing the trial court to rescind an order compelling it to answer certain interrogatories. We deny the writ.
Shelby Radiology sued Management & Business Advisors, Inc. (“MBA”), and its president, James Pace, alleging breach of contract, negligence, misrepresentation, and suppression. The complaint alleged that MBA had breached its contract with Shelby Radiology by negligently or fraudulently failing to collect $979,000 in fees owed to Shelby Radiology. Shelby Radiology sought $750,-000 in compensatory damages and $1,000,000 in punitive damages. The complaint was filed on May 2, 1994, and was amended on October 10, 1994. The complaint, as amended, specifically alleged:
“6. In May, 1992, Shelby discharged MBA and engaged the services of another company to process and collect its accounts. During the process of transferring the accounts to the new vendor, and subsequently, Shelby has learned that MBA’s apparent failure to properly process and collect its accounts- receivable was the result of at least the following facts:
“a. MBA did not post all accounts in its collection system, resulting in the failure to undertake appropriate collection activity;
“b. MBA failed to make timely insurance and/or Medicare and Medicaid claims on numerous accounts, resulting in the denial of those claims;
“c. MBA failed to file any insurance and/or Medicare and Medicaid claims on numerous accounts, resulting in the denial of such claims that were later filed by the new vendor;
“d. MBA failed to file timely appeals of Medicare and Medicaid claim denials;
“e. MBA did not post all payments it received on Shelby’s behalf, and failed to remit those payments to Shelby;
“f. MBA did not make appropriate efforts to obtain payment from private pay patients;
“g. MBA’s negligent recordkeeping practices resulted in its inability to property [sic] collect payments and/or remit them to Shelby;
“h. MBA commingled the payments it received on behalf of Shelby with payments received on behalf of others, and disbursed the funds improperly.”
On March 8, 1995, MBA and Pace, based upon those specific allegations, served upon Shelby the following interrogatories:
“1. Identify each and every account which you allege in Paragraph (6)(a) of your Amended Complaint that MBA failed to post in its collection system.
“2. Identify each and every account which you allege in Paragraph (6)(b) of your Amended Complaint that MBA failed to make timely insurance and/or Medicare and Medicaid claims.
*1373 “3. Identify each and every account which you allege in Paragraph (6)(c) of your Amended Complaint that MBA failed to file any insurance and/or Medicare and Medicaid claims.
“4. Identify each and every instance in which MBA failed to file a timely appeal of Medicare and Medicaid claim denials as alleged in Paragraph (6)(d) of your Amended Complaint.
“5. Identify each and every instance in which MBA failed to post all payments it received on Shelby’s behalf as alleged in Paragraph (6)(e) of the Amended Complaint.
“6. Identify each and every instance in which MBA failed to remit payment to Shelby Radiology as alleged in Paragraph (6)(e) of the Amended Complaint.
“7. Identify each and every instance in which MBA did not make efforts to obtain payment from private pay patients as alleged in Paragraph (6)(f) of the Amended Complaint.
[[Image here]]
“9. Identify each and every payment received on behalf of Shelby [Radiology] which MBA commingled with payments received on behalf of others as alleged in Paragraph (6)(h) of the Amended Complaint.
“10. Identify each and every instance that MBA disbursed funds improperly that they received on behalf of Shelby Radiology as alleged in Paragraph (6)(h) of the Amended Complaint....”
Shelby Radiology did not respond to those interrogatories within the 30-day limit set forth in Rule 33(a), Ala. R. Civ. P. On July. 31, 1995, the defendants sent a letter to Shelby Radiology requesting answers to the interrogatories. On August 29, 1995, the defendants moved the trial court to compel Shelby Radiology to answer the interrogatories. On November 22, 1995, the trial court postponed entry of an order on the defendants’ motion, because the parties had agreed to try to resolve their dispute through mediation.
The attempt to mediate the dispute failed. On January 22, 1996, the defendants sent a letter to the trial court requesting that the court grant their motion to compel. On January 25,1996, Shelby Radiology sent a letter to the trial court in opposition to the motion to compel. On February 14, 1996, Shelby Radiology, for the first time, responded to the interrogatories. In its response, it objected to all but one of the interrogatories, arguing that retrieving and assembling the requested information would be unduly burdensome and onerous.
On February 22, 1996, the trial court granted the defendants’ motion and ordered Shelby Radiology to answer the interrogatories. The February 22 order was followed by three subsequent orders compelling Shelby Radiology to answer the interrogatories. In its last order addressing this issue, the trial court, on December 28, 1996, wrote:
“The Court ordered Shelby [Radiology] to respond on more than one occasion. At the heart of the matter the Defendants have sought discovery of the Plaintiffs claims as to causation. Defendants claim that they do not know specifically what the Plaintiff claims they have done to breach their obligations to Shelby. Shelby presented a witness, Michele Cantley, who testified that there are well over 30,000 accounts in question that are contained in five databases and that she estimates that to evaluate one database, it would require 367 1/2 hours at the rate of $75.00 per hour for a total cost of $27,544.00 [sic]. Another witness, Dr. Theodore Bos, testified that he could produce evidence of damage by applying formulas he has devised based upon samples from the database. The Defendants object to ‘sample’ evidence and assert that case law submitted by Plaintiff applied to damages, not causation....
“The Court understands the problems and expenses to the Plaintiff but knows of no way to deny the Defendants’ rights to know with reasonable specificity what Shelby’s claims are. While damages may be ascertained with reasonable certainty by sample formulas, matters of causation in this case cannot.... The Court does allow the Plaintiff until June 1, 1997, to answer the Defendants’ discovery requests and resets the trial on September 8,1997.”
*1374 Mandamus is the appropriate remedy for review of the trial judge’s rulings requiring answers to interrogatories. Ex parte Markle, 264 Ala. 376, 88 So.2d 363 (1956).
“The utilization of a writ of mandamus to compel or prohibit discovery is restricted because of the discretionary nature of a discovery order. The right sought to be enforced by mandamus must be clear and certain with no reasonable basis for controversy about the right to relief. The writ will not issue where the right in question is doubtful.”
Ex parte Dorsey Trailers, Inc., 397 So.2d 98, 102 (Ala.1981).
We have carefully examined the record in this case and the applicable law, and we conclude that the petitioner has not made a “clear showing that the trial judge abused his discretion in [compelling answers].” Ex parte McTier, 414 So.2d 460, 461 (Ala.1982). The petitioner has not established “a clear, undisputable right to the relief sought.” Ex parte Mobile Fixture & Equipment Co., 630 So.2d 358, 360 (Ala.1993). The information requested by the interrogatories is relevant and material to the issue of causation and is properly within the scope of discovery.
For the reasons stated above, the petition for the writ of mandamus is denied.
WRIT DENIED.
HOOPER, C.J., and MADDOX, ALMON, HOUSTON, KENNEDY, and COOK, JJ., concur.
BUTTS and SEE, JJ., dissent.