MONROE, Judge.
Linda Yvette Harrison and Jerry Dell Harrison were divorced on June 24, 1997. On November 5, 1997, the husband filed a motion seeking to surrender to the trial court a check for $30,000 as a property settlement in accordance with the divorce judgment. On November 7, 1997, M. Lionel Leathers, the wife’s former attorney, filed a motion to intervene. On December 12, 1997, the wife filed a motion to compel the husband to comply with the divorce judgment and sought interest on the property settlement. The court held a hearing and granted the husband’s motion to surrender possession of the $30,000 check, granted Leathers’s motion to intervene, found that Leathers had a valid attorney’s lien, and denied the wife’s motion. After another hearing, the court ordered that Leathers had an attorney’s lien in the amount of $13,050; it entered a judgment in favor of Leathers and against the wife in the amount of $13,050. The court ordered that the $30,000 check be voided and that cashier’s checks be issued — one to the wife for $16,950 and one to Leathers for $13,050. The wife appealed.
The wife claims that the court erred in allowing Leathers to intervene. She argues that he was not entitled to intervene, because, she claims, he did not have an interest in the matter and he did not comply with Rule 24(c), Ala.R.Civ.P.
*437 The grant or denial of a motion to intervene is "within the discretion of the trial court, and the court’s ruling on such a motion "will not be disturbed on appeal except for an abuse of discretion. Millers Mut. Ins. Ass’n v. Young, 601 So.2d 962 (Ala.1992).
Rule 24(c) provides:
“A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought.”
The wife argues that Leathers’s motion to intervene was not a pleading and that Leathers failed to file with his motion a pleading setting forth the claim for which he sought intervention. After reviewing Leathers’s motion, his amendment to the motion, and the accompanying documents, we conclude that Leathers sufficiently complied with Rule 24(c).
The wife also claims that the right to intervene pursuant to the attorney’s-lien statute, § 34-3-61, Ala.Code 1975, does not extend to divorce cases and, therefore, that Leathers did not have a right to intervene. The wife is correct in arguing that § 34-4-61 may not be used in a divorce case because its use in a divorce case could create an obstacle to reconciliation. Crittenden v. Parker, 350 So.2d 1058 (Ala.Civ.App.1977). Here, however, the divorce action has been completed and a final judgment has been entered. See Carnes v. Shores, 55 Ala.App. 608, 318 So.2d 305 (1975). This action was brought by the husband after he attempted to comply with the divorce judgment; thus, the policy reasons for not applying § 32-3-61 in a divorce ease are not a concern here. The statute may be employed in this case. Id.
The wife also argues that the court erred in entering a personal judgment against her in favor of Leathers. She states that § 34-3-61 does not authorize the court to award a personal judgment in a proceeding to enforce a statutory lien.
In its order the trial court held that Leathers had an attorney’s lien in the amount of $13,050 and entered a judgment in favor of Leathers and against the wife in the amount of $13,050. The court ordered that a cashier’s check be issued to Leathers for $13,050. Although the attorney’s-lien statute does not appear to authorize the entry of a personal judgment, the trial court held that Leathers had a valid hen and enforced it by directing that a check be issued to Leathers. We see no reversible error in the court’s stating that Leathers “is hereby granted a judgment against [the wife] in the amount of $13,-050.”
The wife further argues that Leathers’s claim of an attorney’s lien can apply only to services rendered in regard to the case in which the claim is presented and not to services rendered in regard to a previous action. She asserts that an attorney’s hen does not cover a general balance that the client owes the attorney. The wife argues that Leathers’s itemized statement for services rendered included both services rendered in her 1993 divorce and services rendered in her 1997 divorce action. Leathers, however, presented evidence indicating that the charges for his services regarding the 1997 divorce were $13,050.
In reviewing a trial court’s judgment based upon ore tenus evidence, this court must presume the judgment to be correct until it is shown to be plainly and palpably wrong or unjust. Ex parte Jackson, 567 So.2d 867 (Ala.1990). Because the record contains evidence supporting the trial court’s judgment, we cannot find that judgment to be arbitrary or plainly and palpably wrong. Thus, we find no abuse of discretion.
The wife also argues that the court erred in not awarding her interest on the property settlement.
*438 The trial court denied the wife’s motion to compel and for interest on the judgment, finding that “the failure of exchange of the documents and monies in question was primarily, if not solely, occasioned by the actions of the [wife].” In the divorce judgment, the husband was ordered to pay the wife $30,000 on August 1, 1997. On November 5, 1997, the husband filed a motion seeking to surrender to the trial court a check for $30,000 as a property settlement. In his motion, the husband claimed that the wife had refused to give the husband possession of certain documents in accordance with the divorce judgment. The husband asked the court to take possession of the $30,000 check and hold the check until the wife gave the husband the documents. The court allowed the husband to “in effect interplead the $30,000 check.”
Interest runs on a judgment until the judgment is paid. § 8-8-10, Ala.Code 1975. The trial court found that this situation did not warrant an award of interest because the husband had attempted to satisfy the judgment and the wife was responsible for the fact that the judgment had not been paid. The wife has presented no caselaw dealing with this type of situation. We cannot hold that the court erred in denying the wife’s claim for interest.
The wife further claims that the court erred in denying her discovery request for Leathers to produce his handwritten notes relating to her divorce case. The wife requested that Leathers produce her divorce file. He produced most of the file, but withheld his handwritten notes, claiming those were “work product.” The wife moved to compel Leathers to comply with her discovery request. The court examined the handwritten notes and denied the wife’s motion, holding that the notes were work product.
In reviewing discovery issues, this court will not reverse the trial court’s ruling absent a clear showing that the trial court abused its discretion. Ex parte Mobile Fixture & Equipment Co., 630 So.2d 358 (Ala.1993). The proper method for securing appellate review of a trial court’s ruling on a discovery matter is to petition for a writ of mandamus. Id. Thus, the wife did not employ the proper procedure; that failure to use the proper procedure constitutes sufficient grounds for an affirming the trial court’s decision. Id. Furthermore, regardless of the procedure the wife employed, we could not hold that the trial court abused its discretion.
The judgment of the trial court is affirmed.
The parties’ requests for attorney fees on appeal are denied.
AFFIRMED.
YATES, J., concurs.
THOMPSON, J., concurs in the result.
ROBERTSON, P.J., and CRAWLEY, J., concur in part and dissent in part.