The plaintiffs appeal from a judgment entered in favor of the defendant after a nonjury trial.
Ola Mae Watkins was employed by Bama Janitorial Service, Inc., which provided janitorial services to the Non-Commissioned Officers' Club at Gunter Air Force Base in Montgomery County. As part of her job, Watkins cleaned the NCO Club five days a week. Central Contracting, Inc. ("Central"), was constructing a building adjacent to the NCO Club. Watkins walked across the construction site every morning in order to enter the back door of the NCO Club, because her only key was to the back door. Watkins arrived at the club at 4:00 a.m. in order to have it clean by 6:30 a.m., when it opened for breakfast. Watkins had been cleaning the club for three months prior to the accident.
On February 10, 1988, Watkins began to walk across the construction site at approximately 4:00 a.m. She stated that it was "pitch black dark" outside at that time and that the construction site was not lighted. As Watkins crossed the construction site, her foot struck a nail protruding from a board. She jumped and landed in a trench, injuring her left knee.
Watkins and her husband sued Central, claiming that Central had failed to place proper safety markings at the construction site and had obstructed her means of entering the NCO Club; that those actions constituted negligence; and that the negligence had caused her injury. Central denied that it had been negligent and asserted the affirmative defenses of contributory negligence and assumption of the risk.
At trial, Watkins testified that she knew of the dangerousness of the construction site. Watkins stated that she had never seen any lights at the site; that she had fallen at the construction site twice before; that she had requested a key for the front door, but had not received one when the accident occurred; and that a flashlight would have allowed her to see the trenches and debris located at the construction site, but that she had not thought to use one. Watkins also stated that she had seen no tape marking off the construction site and no other barricades marking trenches or holes inside the site.
James Vance, an engineering inspector, testified that before the accident he had inspected the construction site on several occasions and had found no safety violations. He said that Central used yellow tape to mark the construction site, but that no additional barricades were used inside the site. Vance also said that the site had an automatic light that turned on at night and turned off during the day and that, in his opinion, Central had had the site marked as well as it could have been marked and had kept the site as clean as possible.
After hearing ore tenus evidence, the trial court found that Watkins had been contributorily negligent in causing her injuries and that, through her conduct, she assumed the risk of her injuries. Watkins, pursuant to Rule 15(b), A.R.Civ.P., moved to amend the complaint to conform to the evidence. Specifically, Watkins argued that the issue of wantonness had been tried *Page 901 
by implied consent and, therefore, that the trial court should amend the pleadings to include a claim that Central had wantonly caused her injuries. The defenses of contributory negligence and assumption of the risk would not be effective against a finding of wantonness. The trial court denied the motion, stating, in part, as follows:
 "Rule 15(b) provides that the pleadings may be amended after judgment; however, the amendment can be made only when the issue has been tried by consent and submitted to the factfinder with appropriate instructions and a judgment rendered for the Plaintiff. The provision allowing an amendment after judgment is not intended to allow new claims after judgment when judgment has been rendered against the Plaintiff on the only claim submitted. . . ."
(C.R. 176, 177).
Watkins argues on appeal that the trial court erred in denying the motion to amend the pleadings and erred in finding that she was contributorily negligent and assumed the risk of her injuries.
Whether to grant or deny a motion to amend the pleadings under Rule 15(b) is a matter for the trial court's discretion, and that court's ruling will not be reversed on appeal absent an abuse of that discretion. Ex parte Reynolds, 436 So.2d 873
(Ala. 1983). The determination of whether an issue has been tried by express or implied consent is a matter for the trial court's discretion and will not be overturned absent an abuse of discretion. McCollum v. Reeves, 521 So.2d 13 (Ala. 1987). Some of Watkins's evidence would have been relevant to a wantonness claim. However, the case was not tried by consent on a wantonness claim. Therefore, Central was not on notice that a wantonness claim was being presented and certainly would be prejudiced by the amendment. There would be no end to litigation if plaintiffs were allowed, after the jury had returned its verdict or the court had announced its finding, to amend their pleadings to include claims that were not presented at trial. Under the facts of this case, the trial court did not abuse its discretion in denying Watkins's motion to amend the pleadings.
As to the issues of contributory negligence and assumption of the risk, we agree with the trial court. We note that when a trial court, without a jury, hears ore tenus evidence its judgment is presumed to be correct and will not be reversed on appeal unless the appellate court finds it to be unsupported by the evidence or plainly and palpably wrong, after considering all the evidence and after making all reasonable inferences from that evidence. Spruiell v. Robinson, 582 So.2d 508 (Ala. 1991).
After examining the record, we conclude that the findings made by the trial court are supported by the evidence. The evidence tended to show that Watkins had walked across the construction site five days a week for approximately three months. Watkins testified that she knew the construction site was dangerous and that she knew it had several trenches. She also stated that she had not thought to bring a flashlight to aid her in crossing the construction site. We conclude that the trial court's findings of contributory negligence and assumption of the risk are supported by the evidence.
The judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES, HOUSTON and KENNEDY, JJ., concur.