Odia B. Thomas petitions this Court for a writ of mandamus ordering the Honorable Paul J. Miller, Jr., as circuit judge of Russell County, to grant her motions for the production and preservation of evidence pertaining to the defendant Gerald L. Railsback's use of drugs, to compel the defendant Railsback to answer questions concerning his drug use that he had refused to answer, and for sanctions for Railsback's refusal to answer those questions. Thomas also seeks to compel the trial court to grant her motion to strike Railsback's amended answers to interrogatories and to grant her motion to amend her complaint to include a claim for uninsured/underinsured motorist benefits against State Farm. We grant the writ in part and deny it in part.
The facts are as follows: Thomas sued Railsback, alleging that he had negligently and wantonly caused an automobile accident that caused her personal injuries and property damage. In her complaint, Thomas also claimed uninsured/underinsured motorist benefits against State Farm Insurance Company. State Farm filed a Rule 12(b)(6), Ala.R.Civ.P., motion to dismiss, which the trial court granted.
Along with the complaint, Thomas submitted interrogatories to Railsback. Question 24 asked: "In the twenty-four hour period preceding the accident did you have, or take any drug, narcotic, sedative, tranquilizer or other form of medication, or anything of an alcoholic nature to drink?" Railsback answered: "Tylenol # 2 and 5 milligram Valium."
Thomas then submitted to Railsback a request for admissions, asking Railsback to admit that he was driving his automobile under the influence of a controlled substance at the time of the collision. Railsback's failure to respond prompted Thomas to file a second request for admissions and to request *Page 485 
production of documents (e.g., prescriptions for controlled substances). Railsback again did not respond. Thomas filed a motion to compel, which was granted by the trial court. During deposition testimony, Railsback refused to answer questions concerning his use of drugs after the date of the accident. Railsback later filed three pleadings wherein he moved to amend his response to the interrogatories to state that he did not ingest any drug, medication, or alcohol in the 24 hours before the accident and, thereby, to deny the existence of any of the documents requested by Thomas.
Thomas filed a notice of her intention to serve a subpoena on a nonparty, a Veterans' Administration Hospital, in order to obtain medical records concerning the prescription drugs used by Railsback. Railsback objected to the notice, and the subpoena was not issued. Thomas then filed a motion for production of medical records, a motion to preserve evidence, and a motion to strike Railsback's amended answer to the interrogatories. Thomas then filed a motion to amend her complaint to add a claim against State Farm. The trial court held a hearing and denied all pending motions, except the motion to preserve evidence, which it did not rule upon.
The issues presented by Thomas case are: 1) whether the trial court abused its discretion in denying Thomas discovery and production of Railsback's drug prescriptions and medical records and 2) whether the trial court abused its discretion in denying Thomas's motion for leave to amend the complaint with respect to the claim against State Farm.
A writ of mandamus is a drastic and extraordinary remedy, and to justify issuance of such a writ there must be a clear showing of injury to the petitioner. Ex parte J.E.W.,608 So.2d 728 (Ala. 1992). A writ of mandamus should be issued only when there is a clear legal right in the petitioner to the order sought, an imperative duty upon the respondent to perform, accompanied by refusal to do so, lack of another adequate remedy, and properly invoked jurisdiction of the court. Exparte TranSouth Financial Corp., 608 So.2d 385 (Ala. 1992).
As to the discovery issue, the trial court has very broad discretion regarding discovery matters. Hunt v. Windom,604 So.2d 395 (Ala. 1992). This Court will not reverse a trial court's rulings on discovery matters unless there has been a clear abuse of discretion. Home Ins. Co. v. Rice, 585 So.2d 859
(Ala. 1991). The Alabama Rules of Civil Procedure vest broad discretion in the trial court to control the discovery process and to prevent its abuse; that discretion is not unlimited, however, and mandamus is the proper means of review to determine whether the trial court has abused its discretion. Exparte Nissei Sangyo America, Ltd., 577 So.2d 912 (Ala. 1991).
Discovery is not limited to matters competent as evidence at trial. "Relevant," as that word is used in the discovery rules, means relating to the subject matter of the action and having a reasonable possibility that the information sought will lead to other evidence that will be admissible; to be relevant, information need not itself be competent as evidence at trial. Rule 26(b)(1), A.R.Civ.P., Plitt v. Griggs,585 So.2d 1317 (Ala. 1991).
Thomas argues that there are no other means by which she can obtain Railsback's drug prescriptions and his medical records that would indicate whether Railsback was driving under the influence of a controlled substance at the time of the accident. We agree that Thomas is entitled to discovery of any evidence relating to Railsback's use of drugs and medical records occurring before and at the time of the accident. In addition, the trial court should have granted the motion to preserve evidence of Railsback's medical records that pertain to his medical history before the accident and his medical condition on the date of the accident. However, Thomas is not entitled to discovery concerning Railsback's use of drugs, or his medical history, after the accident. Also, we hold that the trial court did not err in denying Thomas's motion to strike Railsback's amended answer.
Courts are to liberally allow amendments to pleadings, and it is only when a party shows that the trial court abused its *Page 486 
discretion in allowing or denying the amendment that the reviewing court will reverse the trial court's decision.Watkins v. Central Contracting, Inc., 603 So.2d 899 (Ala. 1992). The trial court acts within its discretion so long as its disallowance of the amendment to the pleadings is based upon some valid ground, such as actual prejudice or undue delay. Ex parte Reynolds, 436 So.2d 873 (Ala. 1983).
From the record, it is clear that the trial court denied Thomas's amendment because the amendment was filed seven to eight months after the complaint was filed and the motion to dismiss was granted. We cannot say that the trial court abused its discretion, given Thomas's delay in seeking to amend her complaint.
WRIT GRANTED IN PART; DENIED IN PART.
HORNSBY, C.J., and SHORES, HOUSTON, STEAGALL and INGRAM, JJ., concur.