THIGPEN, Judge.
This case involves contributory negligence.
In May 1994, Virginia Mae Hairrell sued Don Rayford Smith, alleging that Smith had negligently and/or wantonly operated his motor vehicle and had thereby caused her injuries and damage. Hairrell sought unspecified damages for, among other things, medical bills, property damage, personal injuries, and pain and suffering. Smith answered, denying the allegations and asserting as an affirmative defense that Hairrell’s own negligence had contributed to the accident. Apparently, the parties agreed to a trial without a jury.
Following ore tenus proceedings, the trial court entered an order in August 1995, finding that Hairrell’s “excessive speed proximately contributed to her own injuries and damages.” The court entered a judgment for Smith; the court denied Hairrell’s post-judgment motion, and she appealed.
It is well established that when the trial court, sitting without a jury, receives ore tenus evidence, its judgment based .on that evidence is presumed to be correct and will not be reversed unless the judgment is unsupported by the evidence or is plainly and palpably wrong. Watkins v. Central Contracting, Inc., 603 So.2d 899 (Ala.1992). Moreover, factual findings of the trial court sitting without a jury have the effect of a *1140 jury verdict, and the resulting judgment based upon such findings is accorded a presumption of correctness on appeal and will not be disturbed unless plainly erroneous or manifestly unjust. Phillips v. Fogg, 402 So.2d 1027 (Ala.Civ.App.1981). It is also well settled that one whose own negligence contributes to proximately cause his own injury cannot recover in a negligence action. Brown v. Piggly-Wiggly Stores, 454 So.2d 1370 (Ala.1984). Furthermore, “[i]n order to establish the affirmative defense of contributory negligence (which the defendant bears the burden of proving), there must be a showing that the plaintiff had knowledge of the dangerous condition; that he appreciated the danger, under the surrounding circumstances; and that, failing to exercise reasonable care, he placed himself in the way of danger.” City of Lanett v. Tomlinson, 659 So.2d 68, 71 (Ala.1995).
Hairrell testified that on the day of the accident, she was traveling on Highway 431, a four-lane highway, following behind a transfer truck. She said that after seeing the truck’s signal for a right turn onto Highway 77, she changed to the left lane. At that point, she collided with Smith’s dump truck, which was turning onto Highway 431. She testified that Highway 77 dead ends into Highway 431 at that intersection, and that a right turn lane exists on Highway 431 for use in turning onto Highway 77. Hairrell testified that she was traveling 55 miles per hour as she approached the intersection, and that, although she was aware of the large amount of traffic at that intersection, because she had traveled that road many times, she had never seen the sign indicating that the speed limit in that area was 30 miles per hour.
Smith, the driver of the dump truck, testified that when he first saw Hairrell, her vehicle was skidding, with locked brakes, immediately before the impact with his vehicle. He stated that he later measured Hairrell’s skid marks and found them to be 145 feet long, and he said that the force of the impact moved his 2]é-ton dump truck approximately “two feet sideways.” He also testified that posted approximately 1000 feet before the intersection was a warning and a sign indicating a 30-mile-per-hour zone.
Hairrell contends that the trial court erred by finding that she was contributorily negligent. Specifically, she argues that the trial court erred in finding that her speed was excessive and contributed to the accident. She also creatively, but unpersuasively, argues that the posted 30-mile-per-hour speed limit applied only to the vehicles in the right-turn lane.
After thoroughly reviewing the record, we conclude that the undisputed evidence indicates that Hairrell was traveling approximately 55 miles per hour in a 30-mile-per-hour zone. In light of our standard of review, we cannot say that the judgment of the trial court was plainly and palpably wrong. Accordingly, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and MONROE, J., concur.