Heilig-Meyers Furniture Company, Inc. ("Heilig-Meyers"), petitions for a writ of mandamus directing the trial court to prohibit certain discovery. The petition is granted in part and denied in part.
Robert Burlee Simpson sued Heilig-Meyers, alleging that he had been injured when he tripped and fell over a piece of furniture that protruded into the aisle of a Heilig-Meyers store in Florence, Alabama. Simpson alleged that Heilig-Meyers had negligently placed furniture on its showroom floor in its Florence store. Simpson served on Heilig-Meyers interrogatories and a request for production of documents, and Heilig-Meyers responded to the request for production and responded to all of the interrogatories, except number 10, which read:
 "Had any person made a complaint or report against a Heilig-Meyers store at any time during the three years prior to July 1, 1995, claiming a slip and fall by a person due to an object protruding into an aisle or passageway? (A) If so, attach a copy of each such complaint or report. (B) If so, explain the disposition of each such complaint or report."
Simpson included interrogatory number 10 in an attempt to determine whether he had any basis for amending his complaint to include a wantonness claim. Heilig-Meyers objected to the interrogatory to the extent that it sought information regarding complaints or reports of falls at stores other than the Florence store where Simpson was injured, arguing that the information requested was irrelevant, immaterial, and not likely to lead to the discovery of admissible evidence. The trial court, without a hearing, overruled Heilig-Meyers's objection and ordered it to respond within five days. Heilig-Meyers filed a "motion for reconsideration," arguing that it had over 700 stores in the United States and Puerto Rico; that it had no particular person, file, database, or document that could identify similar incidents in its stores; and that the furniture layouts in each of its stores could, from time to time, be different. Heilig-Meyers maintained not only that the information requested was irrelevant, immaterial, and not likely to lead to the discovery of admissible evidence, but also that it would be unduly burdensome to compile. The trial court denied Heilig-Meyers's motion for reconsideration. Thereafter, Heilig-Meyers sought an order to protect it from being required to produce information with respect to any of its stores other than the Florence store. In the alternative, Heilig-Meyers sought an order either requiring Simpson to depose each store manager from whom he wanted information and to do so in the county where the manager lives or granting Heilig-Meyers a reasonable time (more than five days) in which to compile the requested information, as well as reimbursement for expenses incurred in doing so. The trial court *Page 1294 
denied that motion. Heilig-Meyers filed this petition; we ordered an answer and briefs and granted a stay pending disposition of this discovery dispute.
The writ of mandamus is an extraordinary remedy that will not be issued unless the movant has a clear, undisputable right to the relief sought. A petition for the writ of mandamus is the proper means of review to determine whether a trial court has abused its discretion in ordering discovery, in resolving discovery matters, and in issuing discovery orders, so as to prevent an abuse of the discovery process by either party. The question on review is whether, under all of the facts before the trial court, it abused its discretion. Ex parte MobileFixture Equipment Co., 630 So.2d 358 (Ala. 1993).
Rule 26, Ala.R.Civ.P., provides, in pertinent part, as follows:
 "(b) Discovery Scope and Limits. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:
 "(1) In General. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
 "The frequency or extent of use of the discovery methods set forth in subdivision (a) shall be limited by the court if it determines: . . . (iii) that the discovery is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation."
This rule is construed broadly to allow a party to obtain relevant information needed in the preparation of the case.Ex parte Clarke, 582 So.2d 1064 (Ala. 1991). The Alabama Rules of Civil Procedure vest broad discretion in the trial court to control the discovery process and to prevent its abuse. Hunt v.Windom, 604 So.2d 395 (Ala. 1992).
No doubt, the trial court correctly viewed Simpson's discovery request as seeking relevant information. It is significant that Simpson fashioned interrogatory number 10 so as to limit the inquiry to other incidents over a three-year period involving falls over objects that protruded into the aisles or passageways of Heilig-Meyers stores. Furthermore, contrary to Heilig-Meyers's contention, the information sought would be important; it could provide an evidentiary basis for Simpson to amend his complaint so as to state a wantonness claim. If there have been other incidents similar to Simpson's, and if Heilig-Meyers, through its store managers or other store personnel, has been notified of those incidents, then a jury might conclude that Heilig-Meyers's knowledge of those incidents and its conduct with respect thereto rose to the level of wantonness.[1]
However, although the trial court has broad discretion to control the discovery process, that discretion is not unlimited. Ex parte Thomas, 628 So.2d 483 (Ala. 1993). Rule 26 specifically provides a means for relief from discovery requests that are unduly burdensome. The facts before us show that Heilig-Meyers has over 700 stores in the United States and Puerto Rico and that there is no particular person, file, database, or document that could provide the information sought by Simpson. According to Heilig-Meyers, it would have to contact and inquire of over 700 store managers as to whether similar incidents had occurred at their stores between July 1, 1992, and July 1, 1995, and, if so, it would have to locate any complaints or reports that might have been *Page 1295 
prepared in connection with those incidents and explain how the incidents were handled. We agree with Heilig-Meyers that such an undertaking would be unduly burdensome, especially if Heilig-Meyers were required to complete it within five days. We do not agree, however, that Heilig-Meyers is entitled to the specific relief it has requested (i.e., an order directing that it not be required to produce any information concerning similar incidents at stores other than the Florence store or directing that Simpson be required to depose each store manager in the county of the manager's residence and that Simpson be required to reimburse it for compiling the required information). We believe, instead, that Heilig-Meyers should be able to satisfactorily respond to interrogatory number 10 by attaching copies of any complaints or reports made or forwarded to Heilig-Meyers at its home office between July 1, 1992, and July 1, 1995, concerning any incidents similar to the one made the basis of Simpson's complaint, that occurred at any of Heilig-Meyers's stores. Heilig-Meyers should also explain how any such complaint or report was handled. This should eliminate the burdensome nature of the request and help to ensure that any information provided is relevant (i.e., that it tends to establish knowledge on the part of Heilig-Meyers that its merchandise was being displayed in an unsafe manner).
PETITION GRANTED IN PART AND DENIED IN PART.
HOOPER, C.J., and MADDOX, ALMON, HOUSTON, KENNEDY, and COOK, JJ., concur.
BUTTS, J., dissents.
[1] Simpson wisely sought to establish a basis for alleging wantonness before amending his complaint to state such a claim. See Rule 11, Ala.R.Civ.P., and Ala. Code 1975, § 12-19-270 et seq. (the Alabama Litigation Accountability Act).