ALMON, Justice.
The plaintiff, Martha Bean, petitions for a writ of mandamus directing Marshall County Circuit Judge Wiliam G. Gullahorn, Jr., to grant her motion to compel production of certain documents. In the underlying action, Bean alleges that the defendant Spartan Food Systems, Inc., d/b/a Hardee’s, discharged her from employment in retaliation for her having filed a workers’ compensation claim. She alleges that her discharge violated Ala.Code 1975, § 25-5-11.1.[1] Bean asserts that the documents sought in her discovery requests are relevant to her claim of retaliatory discharge.
*331 After filing her complaint, Bean filed a request for production of documents described in six numbered requests. When Spartan did not produce the documents for a period of time, Bean filed a motion to compel production. The circuit court granted the motion, whereupon Spartan filed a motion to reconsider. Spartan specifically objected to the production of the items sought in requests 1,2, and 3:
“1. Copies of any and all documents that relate to or concern work performance evaluations on Mark Sanders from on or about January 1,1992, through the date of the response to this request.
“2. Copies of the P & L [profit and loss] statements that were issued to Mark Sanders from on or about January 1,1992, through the date of the response to this request.
“3. Copies of any and all statements which reflect bonus payments made to Mark Sanders from on or about January 1, 1992, through the date of the response to this request.”
Spartan asserted that these three requests sought “personal and confidential” matters that were “irrelevant, immaterial, and not reasonably calculated to lead to admissible evidence in a retaliatory discharge action.”
The circuit court heard oral argument on the motion to reconsider, and it granted the motion to the extent of ruling that Spartan did not have to produce the documents sought in requests 1, 2, and 3. Bean filed this petition for the writ of mandamus.
“A mandamus petition is a proper method for determining whether a trial judge has committed an abuse of discretion in limiting discovery. The Alabama Rules of Civil Procedure were intended to allow for very broad and liberal discovery, within reason. Trial judges have discretion to control discovery and to prevent abuse of the discovery process by the parties. However, arbitrary limits placed on discovery are not within the discretion of the trial judge. The rules envision full diseov-eiy, which has the effect of saving time, effort, and money, in an effort to achieve substantial justice.
“To be entitled to a writ of mandamus compelling a trial judge to permit full discovery, the petitioner must demonstrate that the circuit court clearly abused its discretion. The first step in determining whether the court has abused its discretion is to determine the particularized need for discovery, in light of the nature of the claim.”
Ex parte Rowland, 669 So.2d 125, 127 (Ala.1995) (citations omitted).
“Discovery is not limited to matters competent as evidence at trial. ‘Relevant,’ as that word is used in the discovery rules, means relating to the subject matter of the action and having a reasonable possibility that the information sought will lead to other evidence that will be admissible; to be relevant, information need not itself be competent as evidence at trial. Rule 26(b)(1), [Ala.] R. Civ. P.; Plitt v. Griggs, 585 So.2d 1317 (Ala.1991).”
Ex parte Thomas, 628 So.2d 483, 485 (Ala.1993).
Mark Sanders, manager of the Har-dee’s restaurant where Bean worked, participated in the decision to discharge Bean. Bean asserts that the items at issue may provide evidence that Sanders terminated Bean as a result of Spartan’s pressuring its restaurant managers to reduce costs associated with workers’ compensation, which, in turn, Bean says, resulted in Sanders’s putting pressure on Bean as a means to reduce those costs in the future.
According to Bean, after her workers’ compensation claim was settled, Sanders was informed by his supervisor that the workers’ compensation costs at Sanders’s restaurant were too high. She alleges:
“Prior to terminating Bean, Sanders ... told Bean that she was ‘accident-prone,’ and that he was going to put her picture on a poster and label it ‘accident prone’ and put it up in the shop. Sanders placed her at jobs that were in violation of her [medical] restrictions; he criticized her and demeaned her in ways that he did not before her work-related accident and injury; Sanders told Bean in the presence of others that she was not pulling her weight *332 and that it was not fair to the others that she was not able to do her full job; Sanders told Bean that he would not get his shoulder cut on for a few bucks, etc.”
Bean asserts that Sanders’s deposition testimony supports her argument that she is entitled to the discovery she seeks. During his deposition, Sanders testified that the cost of workers’ compensation affects the profit margin at his restaurant and that, during a quarterly job performance evaluation, his supervisor told him he needed to reduce his workers’ compensation costs. Sanders stated that his restaurant’s profits were reflected in monthly profit and loss statements, and that those statements were reviewed by his supervisor when his job performance was evaluated every six months. Sanders also testified that his quarterly bonus was based on the profit his restaurant showed.
Spartan responds by arguing that Bean’s employment was terminated because she violated Spartan’s policy regarding fighting and using profanity on company premises. Spartan claims that Bean admitted in deposition testimony both that she continued to work at the Hardee’s restaurant after her workers’ compensation case was settled and that on a particular occasion she used profanity and threatened to hit co-employees. Additionally, Spartan attaches to its response the deposition testimony of Bean’s co-employees at the Hardee’s restaurant, from which Spartan points to testimony that Bean was a good worker and was always complimented on her work until the time of the incident leading to her termination. It argues that this evidence proves that Bean’s employment was terminated because she violated Spartan’s company policy.
The issue here, however, is not whether the evidence supports Bean’s claim or supports Spartan’s defense. Rather, the issue is whether the circuit court has unduly limited Bean’s opportunity to discover evidence that may tend to prove her claim. Bean carries the burden of establishing a prima facie case of retaliatory discharge by proving, by substantial evidence, that her employment was terminated solely because she had filed a workers’ compensation action against Spartan. Motion Industries, Inc. v. Pate, 678 So.2d 724 (Ala.1996); § 25-5-11.1. Thus, it is not difficult “to determine the particularized need for discovery, in light of the nature of the claim.” Ex parte Rowland, 669 So.2d at 127.
In Ex parte Mobile Fixture & Equipment Co., 630 So.2d 358 (Ala.1993), this Court denied a mandamus petition seeking discovery, on the basis that the petitioner “did not limit its request, but sought investigations, management reviews, and field audits of ‘all ’ [of the respondent’s] employees.” 630 So.2d at 361 (emphasis added). Bean, however, limited her request to documents pertaining to Sanders, as one who allegedly had had a part in Bean’s termination, and she further limited the request to documents dated from January 1992, which was just before her injury, to the present.
In Ex parte Heilig-Meyers Furniture Co., 684 So.2d 1292 (Ala.1996), the Court found a discovery request to be reasonable because it was limited to relevant evidence; however, the Court further limited the scope of the request so as to “eliminate the burdensome nature of the request and help to ensure that any information provided is relevant.” 684 So.2d at 1295. There is no indication that compliance with Bean’s discovery request would be burdensome.
Finally, in Ex parte Thomas, 628 So.2d 483 (Ala.1993), this Court ordered the discovery of a defendant’s medical records and other evidence pertaining to the defendant’s medical condition before and on the day of the incident in question, but disallowed the plaintiffs request for records regarding the defendant’s medical condition after the incident. It is difficult to conceive of a record more personal and confidential than an individual’s medical records; yet, these records are discoverable when they contain information that the petitioner cannot obtain elsewhere and when there is “a reasonable possibility that the information sought will lead to other evidence that will be admissible.” 628 So.2d at 485. The documents sought by Bean would not be any more personal or confidential than those that were ordered disclosed in Ex parte Thomas, and they seem equally likely, or more likely, to lead to admissible evidence.
*333 Based on the foregoing, this Court concludes that the circuit court should not have limited discovery by ordering that Spartan did not have to produce the items sought in paragraphs 1, 2, and 3 of Bean’s request for production. The petition for the writ of mandamus is therefore due to be, and it is hereby, granted.
WRIT GRANTED.
HOOPER, C.J., and SHORES, HOUSTON, KENNEDY, COOK, and BUTTS, JJ., concur.
MADDOX and SEE, JJ., dissent.

. The statute provides, in pertinent part: “No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers’ compensation benefits under this chapter....”