PER CURIAM.
Connecticut Mutual Life Insurance Company petitions for a writ of mandamus directing the trial court to vacate its order requiring certain discovery. The petition is granted in part and denied in part.
John W. Dawson, Jr., and his wife, Betty Joan Dawson, sued Connecticut Mutual; one of its agents, Alan E. Berman; and others, seeking compensatory and punitive damages based on allegations of fraud and bad faith. The Dawsons alleged that the defendants had fraudulently induced John Dawson to replace his existing life insurance policy (which had accumulated a substantial cash value) with a Connecticut Mutual life insurance policy by falsely representing that the Connecticut Mutual policy would be self-sustaining, i.e., that a substantial one-time premium payment made at the time of purchase would eliminate the need for additional premium payments in the future. Betty Joan Dawson was listed as the beneficiary under the Connecticut Mutual policy.
The discovery order challenged by this petition provides:
“This matter being presented to the Court on objections by defendants to certain discovery requests of the plaintiffs, and the Court having heard the arguments concerning the same, it is
“ORDERED, ADJUDGED AND DECREED that defendants produce to plaintiffs for inspection and copying the following:
“1. A list of all persons, together with addresses, who were sold a new life insurance policy in the State of Alabama from January 1, 1985 to January 1, 1995 by Cobbs, Allen & Hall, and/or Alan Berman and/or H. Brant Sanders, Jr. which replaced existing life insurance of the policyholder and which existing life insurance was lapsed, forfeited, surrendered, or oth *930 erwise terminated, and any cash value of any said existing life insurance was used in whole or in part to purchase new life insurance.
“2. A list of all persons, together with their addresses, who purchased life insurance policies in the State of Alabama from January 1,1985 to January 1, 1995, wherein any proposal or representation was made to said policyholder that cash value or dividends generated by said policy would fund future premium payments.”
In Ex parte Heilig-Meyers Furniture Co., 684 So.2d 1292, 1294 (Ala.1996), we set out the applicable standard governing this Court’s review of discovery disputes such as the present one:
“The writ of mandamus is an extraordinary remedy that will not be issued unless the [petitioner] has a clear, undisputable right to the relief sought. A petition for the writ of mandamus is the proper means of review to determine whether a trial court has abused its discretion in ordering discovery, in resolving discovery matters, and in issuing discovery orders, so as to prevent an abuse of the discovery process by either party. The question on review is whether, under all of the facts before the trial court, it abused its discretion. Ex parte Mobile Fixture & Equipment Co., 630 So.2d 358 (Ala.1993).
“Rule 26, Ala.R.Civ.P., provides, in pertinent part, as follows:
“‘(b) Discovery Scope and Limits. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:
“ ‘(1) In General. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
‘“The frequency or extent of use of the discovery methods set forth in subdivision (a) shall be limited by the court if it determines: ... (iii) that the discovery is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties’ resources, and the importance of the issues at stake in the litigation.’
“This rule is construed broadly to allow a party to obtain relevant information needed in the preparation of the case. Ex parte Clarke, 582 So.2d 1064 (Ala.1991). The Alabama Rules of Civil Procedure vest broad discretion in the trial court to control the discovery process and to prevent its abuse. Hunt v. Windom, 604 So.2d 395 (Ala.1992).
[[Image here]]
“However, although the trial court has broad discretion to control the discovery process, that discretion is not unlimited. Ex parte Thomas, 628 So.2d 483 (Ala.1993). Rule 26 specifically provides a means for relief from discovery requests that are unduly burdensome.”
The sole issue is whether the trial judge’s discovery order is unduly burdensome and thus an abuse of discretion. Id.; Ex parte Compass Bank, 686 So.2d 1135 (Ala.1996).
The plaintiffs/respondents contend that the petition for the writ of mandamus should be denied because they say that what Connecticut Mutual is claiming is overly burdensome to produce in discovery is something it should have already gathered in order to comply with Regulation No. 70, promulgated by the commissioner of insurance pursuant to Ala.Code 1975, § 27-2-17. Regulation 70 requires insurers, such as Connecticut Mutual, to “[m]aintain ... a replacement register, cross indexed, by replacing agent and existing insurer to be replaced for at least three years or until the conclusion of the next succeeding regular examination by the Insurance Department of its state of domicile, *931 whichever is later.” Connecticut Mutual is domiciled in Connecticut, which requires its insurance commissioner to examine the affairs of each domestic insurance “at least once in every five years.” Conn. Gen.Stat. Ann., § 38a-14(h). Thus, Connecticut Mutual is required by statute to maintain a replacement register for five years.
Section 2 of Regulation No. 70 states:
“The purpose of this Regulation is:
“A. To regulate the activities of insurers and agents with respect to the replacement of existing life insurance;
“B. To protect the interests of life insurance policyowners by establishing minimum standards of conduct to be observed in the replacement or proposed replacement of existing life insurance by:
“1. Assuring that the policyowner receives information with which a decision can be made in his or her own best interest;
“2. Reducing the opportunity for misrepresentation and incomplete disclosures; and
“3. Establishing penalties for failure to comply with the requirements of this Regulation.”
Section 10 of the regulation states in part:
“A. Any insurer, agent, representative, officer, or employee of such insurer failing to comply with the requirements of this Regulation shall be subject to such penalties as may be appropriate under the Insurance Laws of Alabama.”
The information Connecticut Mutual is required to produce by the first paragraph of the trial court’s order would be readily available for the past five years if Connecticut Mutual had followed Alabama law and maintained the register required by Regulation 70.
After carefully reviewing the record and the briefs, we grant the writ in part and deny it in part. First, we cannot say that the trial court abused its discretion in ordering Connecticut Mutual to produce information that it has been required to keep pursuant to Regulation No. 70 of the Alabama Insurance Department. However, Connecticut Mutual should be required only to produce information for the five years before the discovery order, since five years is the requirement of Regulation 70.
Discovery is not burdensome where the law requires the defendant to maintain the information sought and to have it readily available and the defendant has simply chosen not to follow the law. There is no reason for this Court to relieve Connecticut Mutual from compliance with Alabama law. In fact, granting the writ in this case would have the effect of reversing a trial judge’s ruling for the judge’s failure to excuse noncompliance with Alabama Law.
PETITION GRANTED IN PART AND DENIED IN PART.
ALMON, SHORES, KENNEDY, COOK, and BUTTS, JJ., concur.
MADDOX, HOUSTON, and SEE, JJ., concur in part and dissent in part.
HOOPER, C.J., dissents.