Alton O'Neal, the plaintiff in an action pending in the Jefferson Circuit Court, petitions for a writ of mandamus directing the circuit court to require the defendant, Safeway Insurance Company of Alabama, Inc. ("Safeway"), to respond fully to certain interrogatories.
O'Neal was involved in an automobile accident in February 1995. According to O'Neal, he immediately informed Safeway, his insurance carrier, of the accident. In June 1995, a Safeway representative took O'Neal's statement regarding the accident.
O'Neal was sued as a result of the automobile accident and, according to O'Neal, although Safeway contacted him about his claims against his insurance policy, Safeway failed to pay O'Neal and refused to provide him with a defense in the lawsuit. O'Neal sued Safeway, alleging breach of contract, bad faith failure to pay insurance claims, bad faith failure to defend O'Neal, and fraud.
O'Neal served Safeway with a second set of interrogatories, which contained the following requests:
"Interrogatory Number 1
 "State whether or not there have been lawsuits filed against Safeway claiming injury or damage for bad faith denial of a claim, bad faith failure to investigate a claim, bad faith failure to pay, bad faith failure to defend, or any other type of bad faith allegation. Also state whether there have been lawsuits filed alleging fraud against Safeway in the State of Alabama from 1990 to present. If so, for each such lawsuit please provide:
 "a. The style of the lawsuits (listing all parties);
 "b. The county in which said lawsuits were filed;
 "c. The year the case was filed and the case or action number of the lawsuit; *Page 958 
 "d. The name, address, and telephone number of the plaintiff's lawyer involved in each lawsuit;
 "e. The name, address, and telephone number of the parties bringing the lawsuit;
 "f. A full, complete, and detailed statement of the substance of all allegations of each lawsuit;
 "g. A description of each lawsuit (i.e., trial, settlement, summary judgment, etc.) or whether it is currently pending; and
 "h. If any case resulted in a jury verdict for the plaintiff or [if it] was settled prior to a jury verdict, state the settlement amount for each respective case or jury verdict awarded."
"Interrogatory Number 2
 "List the names, addresses, and telephone numbers of all former policyholders whose insurance claims were investigated, handled, or adjusted by Betty Nave, in complete or in part, from 1992 to present."
"Interrogatory Number 3
 "List the names, addresses, and telephone numbers of all former policyholders who complained of the way, form, or manner in which their insurance claims were handled, investigated, or adjusted by Betty Nave from 1992 to present."
Despite the fact that O'Neal's lawyer made a written request that Safeway answer the interrogatories and later filed a motion to compel responses, Safeway failed to respond. After conducting a hearing on that motion, the trial court ordered Safeway to answer the interrogatories. Safeway still did not respond, and O'Neal filed a motion for sanctions.
Before the court held a hearing on the motion for sanctions, Safeway filed these objections to the interrogatories:
 "1. Objection. This interrogatory asks for information which is immaterial, irrelevant, attorney-client privileged information, attorney work product, or information obtained in anticipation of litigation. Further, this interrogatory asks for information which is not discoverable and would otherwise be inadmissible at the trial of this cause."
 "2. Objection. This interrogatory asks for information which is immaterial, irrelevant, attorney-client privileged information, attorney work product, or information obtained in anticipation of litigation. Further, this interrogatory asks for information which is not discoverable and would otherwise be inadmissible at the trial of this cause, is requested merely to harass this defendant by requiring it to spend considerable manhours producing this information, and is intended only to increase the defendant's expenses in defending this lawsuit."
 "3. Objection. This interrogatory asks for information which is immaterial, irrelevant, attorney-client privileged information, attorney work product or information obtained in anticipation of litigation. Further, this interrogatory asks for information which is not discoverable and would otherwise be inadmissible at the trial of this cause, is requested merely to harass this defendant by requiring it to spend considerable manhours producing this information, and is intended only to increase the defendant's expenses in defending this lawsuit."
O'Neal claimed that Safeway's responses were inadequate, evasive, and incomplete, and he renewed his motion to compel complete responses. After a hearing, the trial court imposed a $250 sanction against Safeway and ordered Safeway to produce the information requested in the interrogatories, for a five-year period.
Safeway made what it termed a "further response" to the interrogatories, but that response was in reality a continued objection:
 "It is humanly impossible for defendant to answer [these questions] as the information concerning claims files [is] neither kept nor maintained in the manner sought by this question. To provide a response to *Page 959 
this question would require approximately 6 months of intensive work by at least two people going through approximately 20,000 claims files spanning the last five years. It is impossible to slave employees of Safeway to such a task as to do so would bring the company's day-to-day operations to a grinding halt. Should plaintiff and his counsel be willing to pay the costs and expenses of such an investigation, this defendant would be willing to proceed with the same."
Safeway did, however, provide "a copy of claim numbers handled by Betty Nave in the time period requested," and a copy of Betty Nave's personnel file.
O'Neal moved for a default judgment, claiming that Safeway had blatantly and willfully refused to answer the interrogatories. After a hearing, the trial court denied the motion for default judgment and ordered Safeway to produce "the information requested if it exists in the form requested, but [ordered that Safeway does] not have to create a list or method of identification if it does not currently exist."
O'Neal claims that he is entitled to the writ of mandamus because, he argues, the trial court abused its discretion in limiting Safeway's response to information "in the form requested" and in not requiring Safeway to produce the information requested if a database for the information "does not currently exist."
The Alabama Rules of Civil Procedure were intended to allow broad and liberal discovery, within reason. Rule 26(b)(1) allows the discovery of "any matter, not privileged, which is relevant." To assure liberal but reasonable discovery, the Rules "vest broad discretion in the trial court to control the discovery process and to prevent its abuse." Ex parteHeilig-Meyers Furniture Co., 684 So.2d 1292, 1294 (Ala. 1996). Thus, this Court has stated:
 "To be entitled to a writ of mandamus compelling a trial judge to permit full discovery, the petitioner must demonstrate that the circuit court clearly abused its discretion. Ex parte Clarke, 582 So.2d 1064, 1067 (Ala. 1991). The first step in determining whether the court has abused its discretion is to determine the particularized need for discovery, in light of the nature of the claim."
Ex parte Rowland, 669 So.2d 125, 127 (Ala. 1995).
O'Neal's claims against Safeway allege breach of contract, fraud, bad faith failure to pay insurance claims, and bad faith refusal to defend an insured. This Court has held that, because of the heavy burden the plaintiff carries in proving fraud or bad faith, and because the defendant in a fraud or bad faith action is usually the sole possessor of the information needed to meet the burden of proof, wider latitude is given a fraud plaintiff or a bad faith plaintiff during the discovery process. Ex parte Rowland, supra; and Ex parte Finkbohner,682 So.2d 409 (Ala. 1996).
O'Neal contends that the decisions in Rowland, Finkbohner, and Heilig-Meyers support his argument that he is entitled to a writ of mandamus directing the trial court to order Safeway to fully respond to the disputed interrogatories.
In Rowland, the plaintiff claimed that the defendant had misrepresented the size of a motor vehicle's engine in order to induce the plaintiff to purchase the vehicle. The plaintiff alleged breach of contract and fraud. The plaintiff sought to discover whether the defendant had previously been sued for fraud, the dates any fraud actions were filed, and the identity of the plaintiffs in any fraud actions. The defendant objected, claiming that the material sought was irrelevant, immaterial, and not likely to lead to admissible evidence, and that the request was vague and overbroad. The trial court ordered the defendant to provide the information requested, but limited discovery to a 10-year period and to allegations that the defendant had misrepresented engine size.
This Court granted the plaintiff's petition for the writ of mandamus, holding that the trial court's limiting discovery to misrepresentation regarding engine size was an abuse of its discretion. We held that discovery of previous fraud actions against the defendant did not have to be limited to cases involving alleged misrepresentations of engine size in order to be admissible, given the facts of that *Page 960 
case. We also held that the plaintiff's discovery request was not overly broad and that the defendant's alleged difficulty in providing the information, because it was not part of the information kept in the regular course of its business, was "neither an excuse for failure to produce nor a justification for prohibiting . . . discovery." Ex parte Rowland, 669 So.2d at 128.
In Ex parte Finkbohner, supra, the plaintiffs sued an insurance carrier, alleging breach of contract and bad faith refusal to pay a claim. During surgery to correct a medical problem (payment for which had been preapproved by the defendant), the surgeon performed a cosmetic procedure for which the defendant refused payment. In ruling on the trial court's denial of a motion to compel the defendant to respond to discovery requests, this Court discussed the holding inRowland, supra, and granted that portion of the mandamus petition seeking to discover previous bad faith actions filed against the defendant. We denied a portion of the petition, however, that sought to discover "all bad faith claims" against the defendant that had not resulted in legal action, questioning whether such information was "reasonably calculated to lead to the discovery of admissible evidence" and concluding that having to gather this information would be "unduly burdensome" on the defendant. Ex parte Finkbohner, 682 So.2d at 413.
In Ex parte Heilig-Meyers Furniture Co., supra, the plaintiff was injured after tripping over furniture protruding into the aisle at the defendant's store in Florence. The plaintiff posed the following interrogatory as a means of determining whether to amend the complaint to add a claim of wantonness:
 "[Has] any person made a complaint or report against a Heilig-Meyers store at any time during the three years prior to July 1, 1995, claiming a slip and fall by a person due to an object protruding into an aisle or passageway? (A) If so, attach a copy of each such complaint or report. (B) If so, explain the disposition of each such complaint or report."
684 So.2d at 1293.
The defendant objected to the interrogatory, stating that it had over 700 stores nationwide and that it did not maintain a database that would provide the information sought. The trial court overruled the defendant's objection and ordered it to respond within five days. This Court held that the trial court had placed an undue burden on the defendant, but concluded that the plaintiff needed the information sought by the interrogatory. Therefore, this Court limited the trial court's discovery order by requiring the defendant to respond by providing copies of complaints or reports about incidents similar to the one at issue, occurring at any of the defendant's stores, that had been forwarded to the defendant's home office between July 1, 1992, and July 1, 1995. Ex parteHeilig-Meyers Furniture Co., 684 So.2d at 1295.
With regard to interrogatory number 1, because O'Neal alleged fraud and bad faith, as well as a pattern and practice of fraud, the wider latitude to which he is entitled in his discovery requests includes obtaining information relating to previous fraud and bad faith actions filed against Safeway.Ex parte Rowland, supra; and Ex parte Finkbohner, supra. We reject the argument that information is "unavailable" because records in which it would be found are not kept in the regular course of business; the fact that the records containing the information are not kept in the regular course of business "is neither an excuse . . . nor a justification" for refusing to comply with a reasonable and necessary discovery request, such as this one. Ex parte Rowland, supra. The trial court abused its discretion in placing the limitation on Safeway's required response to interrogatory number 1 regarding bad faith and fraud lawsuits filed against Safeway.
Interrogatory number 2 requests "the names, addresses, and telephone numbers of all former [Safeway] policyholders whose claims were . . . handled . . . by Betty Nave." Interrogatory number 3 requests "the names, addresses, and telephone numbers of all former [Safeway] policyholders who complained" to Safeway about Ms. Nave's handling of a claim. Unlike data relating to lawsuits filed against Safeway, the information sought by these interrogatories is so broad that to require Safeway to respond in *Page 961 
the manner requested by O'Neal would place an undue burden on Safeway. Ex parte Finkbohner, supra. Although the court limited the required answers to a five-year period, these requests nevertheless ask for information the retrieval of which would require an individual review of literally thousands of files and which is arguably not reasonably calculated to lead to admissible evidence. To force Safeway to answer these two interrogatories would result in a waste of time, money, and effort, thus defeating one of the purposes of discovery. Exparte Rowland, supra. The trial court correctly limited Safeway's responses to interrogatories number 2 and number 3 in an exercise of its discretion in controlling abuses of the discovery process.
We note the procedure set out in Rule 33(c), Ala. R. Civ. P., applicable under appropriate circumstances, when the answer to an interrogatory may be derived from business records:
 "Option to produce business records. Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, or from a compilation, abstract or summary based thereon, and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries. A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained."
We grant the petition for the writ of mandamus as it relates to O'Neal's interrogatory number 1; however, with respect to interrogatories number 2 and number 3, we deny the petition.
WRIT GRANTED IN PART AND DENIED IN PART.
MADDOX, ALMON, SHORES, HOUSTON, KENNEDY, and SEE, JJ., concur.
LYONS, J., concurs specially.
HOOPER, C.J., concurs in part and dissents in part.