I agree with the majority that the trial court correctly limited the interrogatories requesting the information about former Safeway policyholders whose claims had been handled by Betty Nave. However, I disagree with the majority's determination that the trial court abused its discretion in limiting the interrogatory regarding the discovery of *Page 962 
bad faith and fraud lawsuits filed against Safeway.
"This Court has on many occasions held that the trial courts have very broad discretion regarding discovery matters under Rule 26, [Ala. R. Civ. P.]" Hunt v. Windom, 604 So.2d 395, 397
(Ala. 1992). I also note that "[t]he writ of mandamus is an extraordinary remedy that will not be issued unless the [petitioner] has a clear, undisputable right to the relief sought." Ex parte Heilig-Meyers Furniture Co., 684 So.2d 1292,1294 (Ala. 1996). Given these two standards that we must follow in this case, I believe the trial court did not abuse its discretion in limiting discovery to "the information requested if it exists in the form requested [and ruling that Safeway does] not have to create a list or method of identification if it does not currently exist." I would deny the petition entirely.