MONROE, Judge.
In January 1999, agents from the Marshall County Drug Enforcement Unit seized certain items of property ($2,026 in United States Currency; $1,020 in United States Currency; and one 1995 Chevrolet 1500 Southern Comfort Truck, VIN # 1GCEC19K6RE270180) from Patty Kay Lang and Arturo Romero Robles.
In February 1999, the district attorney’s office petitioned to have the currency and vehicle declared contraband and forfeited. Lang and Robles answered.
On March 23, 1999, the trial court issued an “Expedited Track AssignmenWSchedul-ing Notice,” which stated that discovery should be completed by July 1, 1999. The notice also stated:
“Discovery should be completed by the above date and is subject to the limits established by the differential case management plan as follows: No depositions *1289 will be allowed with the exception of perpetuation versus discovery depositions. Additionally, a limit of 50 single-part paper discovery request items are allowed whether involving interrogatories, and requests for production or for admission.”
Lang and Robles moved to amend the discovery order to allow the taking of depositions. The trial court denied the motion. Lang and Robles petitioned for a writ of mandamus, requesting that this court direct the trial court to allow oral depositions to be taken in the pending forfeiture case. The State filed an answer and a brief.
The sole issue raised by Lang and Robles is whether the trial court’s order restricting Lang and Robles from obtaining any discovery through oral deposition is arbitrary and amounts to an abuse of discretion.
In Ex parte Heilig-Meyers Furniture Co., 684 So.2d 1292, 1294 (Ala.1996), our supreme court stated:
“The writ of mandamus is an extraordinary remedy that will not be issued unless the movant has a clear, undisputable right to the relief sought. A petition for the writ of mandamus is the proper means of review to determine whether a trial court has abused its discretion in ordering discovery, in resolving discovery matters, and in issuing discovery orders, so as to prevent an abuse of the discovery process by either party. The question on review is whether, under all of the facts before the trial court, it abused its discretion.
“.... [Rule 26, Ala. R. Civ. P.,] is construed broadly to allow a party to obtain relevant information needed in the preparation of the case. The Alabama Rules of Civil Procedure vest broad discretion in the trial court to control the discovery process and to prevent its abuse.
[[Image here]]
“However, although the trial court has broad discretion to control the discovery process, that discretion in not unlimited.”
(Citations omitted.)
In their petition for a writ of mandamus, Lang and Robles maintain:
“The depositions in this case are very important to obtain testimony from witnesses who are not agents of the State of Alabama and [who have] information that cannot be obtained from any other means. Additionally, there has been no motion by any party to limit discovery, nor has there been any showing of an abuse of discovery which would justify limiting discovery, much less effectively denying the taking of any depositions.
[[Image here]]
“In the present case, the fact that the trial court has forbidden the parties from taking depositions, effectively prevents [Lang and Robles], [whose property the State is seeking to take away ... ], from obtaining any communication with witnesses who are not agents of the State and [the witnesses] will not speak to [Lang and Robles’s] attorney absent the issuance of subpoenas and requirement to attend oral depositions. As such, the limitatións pút forth by the trial court are arbitrary in that these orders apparently only apply to civil forfeiture actions and[,] further, [amount] to an abuse of discretion in that they are violative of the Alabama Rules of Civil Procedure and the caselaw clearly adopted by this court.”
In the brief filed in support of their petition, Lang and Robles state:
“The court, as an alternative, allows only paper discovery with a limit of 50 single-part request items, regardless of whether those items are interrogatories or requests for production. Thus, in addition to not allowing depositions, the court has severely limited paper discovery to be considerably less than that allowed by the Alabama Rules of Civil *1290 Procedure. See Rule 26[, Ala. R. Civ. P.]. The order completely limits [Lang and Robles] from gaining discovery information through oral examination of any person. However, it effectively prevents obtaining any information from persons who are not agents of the State. In this case, there are witnesses involved, who are not agents of the State and with the restrictive orders of the court, [Lang and Robles] cannot gain any access to the information these non-agents may have.”
In its brief filed in opposition to the petition for a writ of mandamus, the State argues:
“[T]he Court’s order denying [Lang and Robles’s] request to take oral depositions in this case is clearly not an abuse of its discretion, nor does it prejudice the substantial rights of [Lang and Robles]. The disputed order does not deprive [Lang and Robles] of their right to discovery as provided by the Rules of Civil Procedure, in that it allows for the taking of interrogatories, which are answered under oath and [are] usable at trial to the same extent as an oral deposition. At worst, the Court’s order deprives [Lang and Robles] of their preferred method of obtaining discovery, not of discovery altogether. This is certainly a reasonable limitation on discovery, and well within the Court’s broad range of discretion in controlling the discovery process.
“This case is a civil forfeiture case stemming from a controlled buy of illegal drugs, and not a complicated fraud case. The facts in this case, though certainly in dispute, are certainly not complex. Nor are they unknown to [Lang and Robles], as their counsel claims. [Lang and Robles] have already had a preliminary hearing in their criminal case pending in the District Court of Marshall County, in which their attorney was given substantial latitude in the cross-examination of [the] State’s witnesses under oath pertaining to all facets of the case. Inasmuch as the present civil proceeding stems from the same incident, [Lang and Robles] have already been given what is in effect a substantial opportunity for discovery, albeit in the forum of criminal court.”
We recognize that while a trial court has “broad discretion ... to control the discovery process and to prevent its abuse,” Ex parte Heilig-Meyers Furniture Co., 684 So.2d at 1294, the trial court’s attempt to control the discovery process in the present civil-forfeiture case imposed a limitation that effectively prevented meaningful discovery of relevant and admissible evidence. We find no justification for such a limitation on the discovery process. Thus, we grant Lang and Robles’s petition for a writ of mandamus.
PETITION GRANTED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.