David Dumas and Mae Dumas petition for a writ of mandamus directing the trial court to vacate its order granting the defendant Melanie Wise discovery concerning the Dumases' medical records, through the use of several nonparty subpoenas. We deny the petition.
The Dumases sued Wise to recover for injuries sustained in an automobile accident that, they allege, was negligently caused by Wise, the driver of the vehicle with which their vehicle collided. In their complaint, David Dumas claims he suffered an injury to his knee as a result of the accident, and Mae Dumas claims she suffered injuries to her arms, back, and neck as a result of the accident. Both the Dumases also claim to have suffered mental anguish as a result of the accident.
In response to the Dumases' interrogatory answers, Wise gave notice of her intent to serve, on nonparties, several subpoenas relating to the Dumases' medical claims. Each subpoena requested the following:
 "Any and all records, documents, reports, notes, memoranda, and writings of whatever kind or nature including, but not limited to, dental records, hospital records, doctors' notes, nurses' notes, x-rays, x-ray reports, patient's history, record of medicine and drugs prescribed, insurance forms, other doctors' reports, or any other document of any sort pertaining to any treatment, care or services rendered to: Mae Pearl Dumas; Date of Birth: --/--/--; Social Security No.: ___-__-____; AND David Lee Dumas; Date of Birth: --/--/--; Social Security No.: ___-__-____; Contract Number: ____________; Group Number: ____________. *Page 800 
 "Thus, produce the entire and complete file or files on Mae Pearl Dumas AND David Lee Dumas.
 "Please understand that this request is for any and all records which in any way relate to Mae Pearl Dumas and David Lee Dumas, at any time whatsoever, and should in no way be construed as a limited request."[1]
The Dumases moved to quash Wise's subpoenas. In their motion, they called the subpoenas "an invasion of privacy, vague, [and] unduly burdensome," and said they "call for information not likely to lead to discoverable information." The motion also stated that Wise was wrongly seeking "information related to the entire life and entire medical treatment of the plaintiff rather than limiting the request to injuries that are the result of this wreck or to preexisting conditions."
Based on this response, the trial court held a hearing, at which the Dumases expressed their objections to the subpoenas. After finding the subpoenas facially reasonable, the trial court asked the Dumases whether a protective order could prevent the disclosure of any sensitive information not relevant to this case. Counsel for the Dumases refused to give a specific basis for a protective order and, instead, insisted that the subpoenas were simply overly broad and an invasion of privacy. Without a basis for narrowing the scope of discovery, the trial court refused to quash the subpoenas. The Dumases filed this mandamus petition. The issue presented is whether the trial court abused its discretion in refusing to quash the nonparty subpoenas, which the plaintiffs allege are unduly broad and constitute an invasion of their privacy.
"A writ of mandamus is an extraordinary remedy that requires the showing of: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court." Ex parte McNaughton, 728 So.2d 592, 594 (Ala. 1998). This Court has held that a petition for a writ of mandamus is the proper method for reviewing "`whether a trial court has abused its discretion in ordering discovery, in resolving discovery matters, and in issuing discovery orders.'" Ex parte Compass Bank,686 So.2d 1135, 1137 (Ala. 1996) (quoting Ex parte Mobile Fixture Equip. Co., 630 So.2d 358, 360 (Ala. 1993)). "[A] petition for a writ of mandamus is the proper method for review of the propriety of the issuance of a subpoena duces tecum to parties and to nonparties." Ex parte Cummings, 776 So.2d 771, 774 (Ala. 2000) (citing Ex parte Anniston Personal Loans, Inc., 266 Ala. 356,96 So.2d 627 (1957).
Because the discovery process involves a considerable amount of discretion on the part of the trial court, the standard this Court applies on mandamus review of a discovery order is whether the petitioner has made a clear showing that the trial court abused its discretion. Ex parte Clarke, 582 So.2d 1064, 1067
(Ala. 1991). Thus, a writ of mandamus directing the trial judge to set aside its ruling on a discovery matter will issue only where it is clear that the trial court abused its discretion. Id.
The Dumases contend that although their complaint alleged physical injuries, Wise's subpoenas request medical records and information not relevant to the specific injuries alleged, and that Wise's request violates their right to privacy. Specifically, the Dumases contend that Wise is not entitled to discovery of all information concerning their health, only information relevant to the injuries they claim to have suffered. *Page 801 
This Court has held that when a party files a lawsuit that makes an issue of his physical condition, he waives his privacy rights in favor of the public's interest in full disclosure. SeeMull v. String, 448 So.2d 952, 954 (Ala. 1984). The Alabama Rules of Civil Procedure allow broad and liberal discovery. Exparte O'Neal, 713 So.2d 956, 959 (Ala. 1998). Rule 26(b)(1), Ala.R.Civ.P., allows "[p]arties [to] obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action" and which is "reasonably calculated to lead to the discovery of admissible evidence." This Court has written: "A trial judge, who has broad discretion in this area, should nevertheless incline toward permitting the broadest discovery and utilize his discretion to issue protective orders to protect the interests of parties opposing discovery."Ex parte AMI West Alabama Gen. Hosp., 582 So.2d 484, 486 (Ala. 1991). In fact, this Court has suggested that it issues more writs of mandamus to correct orders improperly restricting discovery than it issues to correct orders permitting too much discovery. Id. A party subject to discovery can prevent the disclosure of confidential matters not subject to discovery by securing a protective order pursuant to Rule 26(c), Ala.R.Civ.P.
The subpoenas were directed to the Dumases' medical-care providers, drug stores, employers, and their health-insurance carrier. The Dumases claim damages for physical injuries and mental anguish, and the subpoenas were directed to parties who typically would possess information relevant to such injuries or harm. Thus, Wise should be permitted discovery from such nonparties if there is any likelihood that the information sought will aid in the pursuit of her defense. AMI, 582 So.2d at 485. Given the scope of the Dumases' claim for damages, we conclude that Wise is entitled to a broad range of information relating to the Dumases' medical history. We cannot hold that the trial court abused its discretion in refusing to quash the broadly phrased subpoenas.
Furthermore, at the hearing on this issue the trial court offered several times to fashion a protective order that would protect the Dumases from disclosure of any potentially embarrassing and/or irrelevant information. He asked the Dumases' attorney to explain what information Wise had asked for that he thought was beyond discovery. However, the attorney refused to specify any grounds upon which the trial court could issue a protective order. Instead, he repeatedly stated that the trial court should require Wise to narrow the scope of her subpoenas to include information concerning only the specific injuries the Dumases complained of or preexisting conditions related to those injuries. The Dumases never gave a specific reason why the trial court should narrow the scope of Wise's discovery requests.
Given the broad discretion vested in the trial court with regard to discovery, and given the Dumases' failure to specify a basis for a protective order, we find no abuse of discretion in the court's refusing to restrict discovery.
WRIT DENIED.
Hooper, C.J., and Maddox, Cook, and Johnstone, JJ., concur.
[1] We note that not every subpoena requested information concerning both Mae Dumas and David Dumas. However, the general language used in each subpoena is substantially similar to the wording quoted here.