WOODALL, Justice.
William Meehan, Ph.D., Frank Romano, Ph.D., and Jacksonville State University (“the University”), defendants in an action filed by R. David Whetstone, Ph.D., petition this Court for a writ of mandamus, seeking a protective order related to certain discovery, an order prohibiting certain extrajudicial statements by Whetstone and his counsel, and an order sealing part of the trial court’s record. We dismiss the University as a defendant, and we grant the petition in part, deny it in part, and issue the writ.
Article I, § 14, Alabama Constitution of 1901, provides “[t]hat the State of Alabama shall never be made a defendant in any court of law or equity.” “This Court has extended the restriction on suits against the State found in § 14 ‘to the state’s institutions of higher learning’ and has held those institutions absolutely immune from suit as agencies of the State.” Ex parte Troy Univ., 961 So.2d 105, 109 (Ala.2006). Thus, the University “is an instrumentality of the State of Alabama, and is therefore immune from suit.” Ellison v. Abbott, 387 So.2d 756, 757 (Ala. 1976). For these reasons, we dismiss the University as a defendant. See Alabama Agric. & Mech. Univ. v. Jones, 895 So.2d 867, 873 (Ala.2004).

Facts and Procedural History

Whetstone, a tenured professor of biology at the University, alleges that, during the course of his employment, he has placed his private collection of plant specimens in the University’s herbarium for his students to study. During his employment, Whetstone has also placed in the herbarium specimens other than those in his private collection, i.e., specimens that he collected under a contract with the University.
Meehan is the president of the University, and Romano is the head of the biology department. This dispute arose after Whetstone informed Meehan and Romano or his predecessor that Whetstone planned to move his personal collection of plant specimens and his specimen cases from the University’s herbarium to another location. It appears undisputed that Meehan then instructed Romano or his predecessor to inventory all the specimens in the herbari-um. Also, according to Whetstone, he was then denied access to his specimens, cases, and other items of personal property, when the locks to the herbarium were changed at Meehan’s direction. However, Meehan denies telling anyone to change the locks to the herbarium.
In February 2003, Whetstone sued the University, Meehan, and Romano. His complaint sought a judgment declaring him the owner of the plant specimens and other personal property located in the her-barium. Also, it included a claim that the defendants had converted Whetstone’s property. For this alleged conversion, Whetstone sought compensatory damages of at least $600,000 and punitive damages.
On April 17, 2009, Whetstone filed a motion in limine, asking the trial court to determine whether he could introduce at trial evidence proffered with the motion related to allegations that Meehan had plagiarized portions of his doctoral dissertation. The defendants moved the trial court to strike that evidence or, in the alternative, to seal the motion in limine, the materials submitted with it, and their response to it. The defendants also moved *675 for a protective order prohibiting Whetstone and his counsel from making any extrajudicial comments concerning the alleged plagiarism or including any further mention of the subject in any unsealed court filing. The trial court denied the defendants’ motion and has not ruled on Whetstone’s motion in limine.
Meehan received his doctorate from the University of Alabama. On April 28, 2009, Whetstone noticed the depositions of Judy Bonner, Ph.D., executive vice president and provost for academic affairs at the University of Alabama, and James McLean, Ph.D., dean of the Department of Education at the University of Alabama. Whetstone also noticed the deposition of Pamela Stinson, Meehan’s executive secretary. Whetstone attached to each deposition notice a request for the production of, among other things, documents related to Meehan’s dissertation and any charges of plagiarism regarding the dissertation. The defendants again moved the trial court for a protective order and to quash the deposition subpoenas of Bonner, McLean, and Stinson. The trial court denied the defendants’ motions without any explanation. The defendants moved the trial court to reconsider its denial of their motions. The trial court denied that motion as well.
On July 27, 2009, the defendants petitioned this Court for a writ of mandamus, asking us to direct the trial court “to grant a protective order in favor of defendants ... prohibiting discovery of any matter related to Dr. William Meehan’s doctoral dissertation or plagiarism and quashing the deposition notices of Dr. McLean, Dr. Bonner and Pamela Stinson.” Petition, at 11. The defendants further request that we direct the trial court to issue an order “prohibitfing] [Whetstone], [Whetstone’s] counsel, and/or their representatives from making extrajudicial comments or disclosures regarding Dr. William Meehan’s doctoral dissertation and [directing] that the court record be sealed.” Petition, at 11.

Issues

In order to resolve this matter, we must address two issues: (1) whether the trial court exceeded its discretion in allowing the discovery of information related to allegations that Meehan plagiarized portions of his dissertation; and (2) whether the trial court exceeded its discretion in failing to grant the defendants’ motion to prohibit extrajudicial statements regarding Mee-han’s dissertation and the plagiarism allegations.

Standard of Review

‘“Mandamus is an extraordinary remedy and will be granted only where there is “(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991). This Court will not issue the writ of mandamus where the petitioner has “ ‘full and adequate relief ” by appeal. State v. Cobb, 288 Ala. 675, 678, 264 So.2d 523, 526 (1972) (quoting State v. Williams, 69 Ala. 311, 316 (1881)).’ ”
Ex parte Carlisle, 26 So.3d 1202, 1205-1206 (Ala.2009) (quoting Ex parte Ocwen Fed. Bank, FSB, 872 So.2d 810, 813 (Ala. 2003)).
“Discovery matters are within the trial court’s sound discretion, and this Court will not reverse a trial court’s ruling on a discovery issue unless the trial court has clearly exceeded its discretion. Home Ins. Co. v. Rice, 585 So.2d 859, 862 (Ala.1991). Accordingly, mandamus will issue to reverse a trial court’s ruling on a discovery issue only (1) where there is a showing that the *676 trial court clearly exceeded its discretion, and (2) where the aggrieved party does not have an adequate remedy by ordinary appeal.... ”
Ocwen, 872 So.2d at 813.

Analysis

Meehan and Romano, the remaining defendants after our dismissal of the University as a defendant, first argue that this Court should issue a writ of mandamus directing the trial court to issue a protective order prohibiting the discovery of information related to Meehan’s dissertation and to quash the deposition notices of Bonner and Stinson.[1] As noted previously, “ ‘[m]andamus is an extraordinary remedy.’ ” Carlisle, 26 So.3d at 1205 (quoting Ocwen, 872 So.2d at 813). This case falls squarely within this Court’s jurisdiction. Therefore, in order to prevail, Meehan and Romano must demonstrate (1) that they have a clear legal right to the protective order; (2) that the trial court refused to issue the order; and (3) that they do not have an adequate remedy by appeal. See Ocwen, supra.
As to whether mandamus is the appropriate proceeding for relief in this case, this Court has stated:
“Generally, an appeal of a discovery order is an adequate remedy.... In certain exceptional cases, however, review by appeal of a discovery order may be inadequate, for example, ... when a discovery order compels the production of patently irrelevant or duplicative documents, such as to clearly constitute harassment or impose a burden on the producing party far out of proportion to any benefit that may obtain to the requesting party....”
Ocwen, 872 So.2d at 813 (footnote omitted). Here, Meehan and Romano argue that “the discovery sought ... is an improper attempt to obtain patently irrelevant and immaterial information in order to harass, unduly burden and embarrass the defendants.” Petition, at 11-12. Therefore, the trial court’s decision regarding the defendants’ motion for a protective order allegedly falls within one of the exceptions set forth in Ocwen, and mandamus is an appropriate avenue for review of that decision.
 We next address whether Mee-han and Romano have demonstrated a clear legal right to the protective order the trial court refused to issue.
“ ‘In Ex parte AMI West Alabama General Hospital, 582 So.2d 484, 485-86 (Ala.1991), we explained:
“‘“This rule [Ala. R. Civ. P. 26(b)(1) ] contemplates a broad right of discovery. Discovery should be permitted if there is any likelihood that the information sought will aid the party seeking discovery in the pursuit of his claim or defense. Discovery is not limited to matters that would be admissible as evidence in the trial of the lawsuit. Ex parte Dorsey Trailers, Inc., 397 So.2d 98 (Ala. 1981).”
“ ‘ “A trial judge, who has broad discretion in this area, should nevertheless incline toward permitting the broadest discovery and utilize his discretion to issue protective orders to protect the interests of parties opposing discovery.” 582 So.2d at 486.
“ ‘In order for the matter to be discoverable, the information sought must also *677 be relevant. “‘Relevancy,’ as used in our discovery rules, means relevant to the subject matter of the action; evidence is relevant if it affords a reasonable possibility that the information sought will lead to other evidence that will be admissible
Ex paite CIT Commc’n Fin. Corp., 897 So.2d 296, 299-300 (Ala.2004) (quoting Zaden v. Elkus, 881 So.2d 993, 1005 (Ala. 2003)).
“Recognizing that the right to discovery is not unlimited and the trial court has broad powers to control discovery to prevent abuse, nevertheless, the party who seeks a protective order has the burden of showing good cause why discovery should not be had.
“ ‘Thus, to be entitled to a protective order, a movant must either show good cause why the objected-to deposition or production of documents would be unduly burdensome or expensive, oppressive, embarrassing or annoying, or that the subject matter sought to be discovered is privileged ....’”
Ex parte Scott, 414 So.2d 939, 941 (Ala. 1982) (quoting Assured Investors Life Ins. Co. v. National Union Assocs., Inc., 362 So.2d 228, 231 (Ala.1978), overruled on other grounds by Ex parte Norfolk Southern Ry., 897 So.2d 290 (Ala.2004)).
Here, Meehan and Romano argue that the discovery sought is irrelevant and that
“there can be no allegation that is more professionally and personally harassing!,] intimidating!,] and embarrassing to a well-respected and dedicated university president ... than that of patently irrelevant allegations of plagiarism. Dr. Meehan’s integrity and professional reputation [are] valuable assetfs] to him and [the] University.”
Petition, at 25. We agree that the discovery sought concerns irrelevant matters. Also, the information sought does not “appear! ] reasonably calculated to lead to the discovery of admissible evidence.” Rule 26(b)(1), Ala. R. Civ. P. Further, discovery concerning allegations of plagiarism could only prove “embarrassing and annoying” to Meehan. See Scott, supra.
Whetstone has alleged that Meehan and Romano maliciously, willfully, and wrongfully converted his personal property to their own use. Also, he has asked the trial court to determine the ownership of personal property located in the University’s herbarium. Meehan’s doctoral dissertation and the plagiarism allegations are completely irrelevant to these claims. Simply stated, evidence concerning the alleged plagiarism has no “tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.” Rule 401, Ala. R. Evid. Moreover, there is no indication that discovery related to such allegations is likely to lead to the discovery of admissible evidence regarding Whetstone’s claims.
Whetstone argues that “Mee-han’s plagiarism of his doctoral dissertation illustrates a complete disrespect for the intellectual property of others and, therefore, significantly parallels his intent in this case to totally disregard [my] intellectual property rights.” Whetstone’s brief, at 16. However, the claims in Whetstone’s complaint relate to the alleged conversion and the ownership of personal, not intellectual, property. Whetstone also argues that “[e]vidence that Meehan plagiarized someone else’s copyrighted dissertation could lead to discoverable evidence that is probative of his intent related to his conversion of [Whetstone’s plant] specimens.” Whetstone’s brief, at 17. It is true that Rule 404(b), Ala. R. Evid., provides that evidence of other wrongs may *678 be admissible for the purpose of proving intent. However, when intent of a party is an issue, “that party’s prior conduct and acts on other occasions which have a bearing upon that party’s intent in a subsequent action are competent evidence.” Roberson v. Ammons, 477 So.2d 957, 962 (Ala.1985). In order to qualify as such competent evidence, there must be “evidence of prior similar misconduct.” Ex parte Horton, 711 So.2d 979, 983 (Ala.1998) (emphasis added). We agree with Meehan and Romano that “there is no logical relevancy [between the alleged plagiarism and Whetstone’s claims] because the prior alleged academic misconduct and the present alleged conversion are wholly dissimilar.” Petitioners’ reply brief, at 6.
In summary, we agree with Meehan and Romano that the discovery related to Mee-han’s dissertation and the plagiarism allegations seeks patently irrelevant information, that such discovery would serve only to embarrass and annoy Meehan, and that, therefore, the trial court exceeded its discretion in refusing to prohibit such discovery. Thus, Meehan and Romano have demonstrated a clear legal right to a protective order prohibiting the discovery or use of information related to Meehan’s dissertation and the plagiarism allegations, and we direct the trial court to enter such an order. Further, we instruct the trial court to quash the notices of the depositions of Bonner and Stinson and to strike McLean’s deposition testimony from the record.
Meehan and Romano also argue that the Court should instruct the trial court to issue a “gag” order prohibiting Whetstone and his counsel from making any extrajudicial statement regarding the plagiarism allegations and Meehan’s dissertation. However, having determined that information regarding the dissertation is not discoverable, we trust that it is not necessary for this Court to remind Whetstone’s counsel of the limitations imposed on extrajudicial statements by Rules 3.6(a) and (b)(5), Ala. R. Prof. Conduct. Meehan and Romano have not cited any relevant authority in support of their request for a “gag” order. Therefore, we deny their petition for mandamus relief as to this issue. See Ex parte Showers, 812 So.2d 277, 281 (Ala.2001) (noting that a petitioner’s “failure to cite authority supporting her arguments, as required by Rule 21, [Ala. R.App. P.,] provides this Court with an ample basis for refusing to consider those arguments”).
Our decision to issue the writ of mandamus regarding Meehan and Romano’s request for a protective order, including our direction that the trial court strike McLean’s deposition from the record, renders moot Meehan and Romano’s request that any depositions taken that concern Mee-han’s dissertation be sealed. Therefore, we deny the petition for the writ of mandamus as to that issue as well.

Conclusion

The University is dismissed as a defendant. Meehan and Romano, the remaining defendants, have demonstrated a clear legal right to a protective order in this case. Therefore, we grant their petition in part and issue the writ of mandamus, instructing the trial court to enter a protective order prohibiting the discovery or use of information regarding Meehan’s dissertation and the plagiarism allegations, to quash the notices of the depositions of Bonner and Stinson, and to strike McLean’s deposition testimony from the record. In all other respects, the petition is denied.
UNIVERSITY DISMISSED AS A DEFENDANT; PETITION GRANTED IN *679 PART AND DENIED IN PART; WRIT ISSUED.
COBB, C.J., and STUART, PARKER, and SHAW, JJ., concur.

. Meehan and Romano also petitioned this Court to direct the trial court to quash the notice of McLean’s deposition. However, Whetstone deposed McLean on July 28, 2009. Therefore, Meehan and Romano’s request that the notice of McLean's deposition be quashed has been rendered moot.